IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC., a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> CIRRUS INDUSTRIES, INC., a Delaware Corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands Corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware Corporation, FIRST ISLAMIC INVESTMENT BANK, E.C., a Bahrain Investment Bank, ALAN KLAPMEIER, DALE KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, SIMA GRIFFITH, MARWAN ATALLA, WILLIAM J. MIDON, and WILLIAM C. WOOD, <br><br> Defendants. | C.A. NO. 02-CV-5311 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO VACATE ORDER OF DECEMBER 10, 2002 AND TO
EXTEND THE TIME TO EFFECT SERVICE UPON CERTAIN DEFENDANTS**

Plaintiff AeroGlobal Capital Management, LLC ("AeroGlobal"), through its undersigned counsel, submits this memorandum in support of its motion to vacate the Court's December 10, 2002, and to extend by 45 days the time to effect service of process upon certain defendants. Because all defendants other than Sima Griffith and William C. Wood were served within the prescribed 120 days, and since the failure to serve Ms. Griffith and Mr. Wood in a timely fashion is owing to the conduct of third parties, and occurred despite the good faith attempt by AeroGlobal to serve them within the 120-day period, the Court should grant the motion, vacate its December 10, 2002, order, and grant AeroGlobal an additional 45 days to effect service of

process on defendants Wood and Griffith.

## BACKGROUND

This action was filed on July 24, 2002 and, pursuant to Fed. R. Civ. P. 4(m), service of process was to be made within 120 days, or by November 21, 2002. Defendant First Islamic Investment Bank, E.C. was served with the complaint on November 14, 2002, via registered mail in accordance with Federal Rule of Civil Procedure 4(f).[1] Through a clerical error, returns of service for the most of the remainder of the defendants were filed with the Court on December 2, 2002, but they reflect service of process as having been effected between November 12 and 14, 2002. With respect to defendants Sima Griffith and William C. Wood only, the United States Post Office informs us that certified mail packages sent to them were either refused (Ms. Griffith) or somehow not processed in any way by the Post Office, despite that the receipts for the pieces of mail demonstrate that they were mailed on November 8, 2002.[2] Plaintiffs are attempting to reserve those individuals now, but has otherwise effected service of process within the 120 days set forth in Rule 4(m), despite the fact that the returns of service were not filed with the Court until after November 21, 2002.

Regardless, on or about December 5, 2002, Francis Newell, Esquire, of Montgomery, McCracken, Walker & Rhoads executed a stipulation to extend the time for all defendants to respond to the complaint, indicating that all defendants had indeed received adequate notice of the complaint. Mr. Newell further confirmed in a telephone call with AeroGlobal's counsel, and in a call with the Court, that he represented all defendants in this matter.

---

[1] See Returns of Service, attached hereto as Exhibit "A."

[2] A true and correct copy of the postal receipts regarding the service packages that were sent to Sima Griffith and William C. Wood are attached hereto as Exhibit "B."

## ARGUMENT

Fed. R. Civ. P. 4(m) provides that service of original process is to be made within 120 days after the filing of the complaint, and that if the plaintiff shows good cause for any failure to serve process within that period of time, "the court shall extend the time for service for an appropriate period." Thus, the Rule "explicitly instructs the district court to provide additional time for service if there is a good cause for a plaintiff's failure to effect service within the prescribed 120 days." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3d., §1137, at 341-42 (2002). Good cause is generally found where the plaintiff's failure to complete timely service is the result of conduct of a third person, such as when the defendant has evaded service, or when the plaintiff has made a good faith attempt to effect timely service and service of process is nevertheless tardy. Id., §1137 at 342.

Here, the returns of service demonstrate that all defendants other than Sima Griffith and William C. Wood were served before the expiration of the prescribed 120 days for service of process. Accordingly, the Court's December 10, 2002, order should be vacated, at least with respect to those defendants.

With regards to defendants Griffith and Wood, the failure of AeroGlobal to effect service within the 120 day period was the solely the result of the conduct of third parties. The certified-mail service packages addressed to those individuals were posted on November 8, 2002, the same day as certified mail packages for most of the other defendants were sent. The Post Office informs us that Ms. Griffith attempted to evade service by refusing to accept the service package and that, through some sort of error within the Post Office, the package addressed to Mr. Wood was never processed or delivered. Accordingly, AeroGlobal made good faith attempts to serve Ms. Griffith and Mr. Wood within the 120 days and, indeed, used precisely the same method of

service for those individuals that resulted in timely service of process with respect to the other defendants in this case. AeroGlobal is attempting to re-serve those individuals now, and the Court should grant plaintiffs an additional 45 days to effect service of process on them.

Regardless, Mr. Newell has acknowledged that he represents all defendants, which indicates that all defendants have received adequate notice of the complaint. Accordingly, no prejudice could befall Ms. Griffith or Mr. Wood by permitting AeroGlobal additional time to serve them with the complaint and summons.

## CONCLUSION

Based on the foregoing, the Court should grant AeroGlobal's motion, vacate its order dated December 10, 2002, and grant AeroGlobal an additional 45 days to complete service of process on defendants Griffith and Wood.

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

_____
Paul R. Rosen
Timothy C. Russell
Michael C. Wagner
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888
(215) 241-8844 (fax)

Attorneys for Plaintiff
AeroGlobal Capital Management, LLC.

Dated: December 20, 2002

**CERTIFICATE OF SERVICE**

I, Michael C. Wagner, hereby certify that I caused a true and correct of the foregoing Memorandum to be served upon the following counsel for defendants, by hand delivery, on this the 20th day of December, 2002, at the address indicated.

Francis P. Newell, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(Counsel for all defendants)

_____
Michael C. Wagner