IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AEROGLOBAL CAPITAL MANAGEMENT, )
LLC, a Delaware limited liability company, )
                                      )
               Plaintiff, )
                                      )
       v. )    Civil Action No. 02-CV-5311
                                      )
CIRRUS INDUSTRIES, INC., a Delaware )
corporation, CIRRUS HOLDING COMPANY )
LIMITED, a Cayman Islands corporation, )    JURY TRIAL DEMANDED
CRESCENT CAPITAL INVESTMENTS, INC., )
a Delaware corporation, FIRST ISLAMIC )
INVESTMENT BANK, E.C., a Bahrain )
Investment Bank, ALAN L. KLAPMEIER, )
DALE E. KLAPMEIER, PETER P. )
McDERMOTT, II, JOHN N. DYSLIN, SIMA )
GRIFFITH, MARWAN ATALLA, WILLIAM J. )
MIDON and WILLIAM C. WOOD, JR., )
                                      )
             Defendants. )
_____)

## ORDER

       This matter is before the Court upon the Motion of Defendants Cirrus Industries, Inc.,

Cirrus Holding Company Limited, Crescent Capital Investments, Inc., Alan L. Klapmeier, Dale

E. Klapmeier, Peter P. McDermott, II, John N. Dyslin, Marwan Atalla, and William C. Wood, Jr.

to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal

Jurisdiction, to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for Improper

Venue, or in the Alternative to Transfer to the District of Minnesota pursuant to 28 U.S.C.

§§ 1406(a) and 1404(a) as a proper venue and a more convenient forum.  Defendant First Islamic

Investment Bank, E.C. joins the Motion as to the Motion to Dismiss for Lack of Personal

Jurisdiction and for Improper Venue, and Defendant William Midon joins the Motion as to the

Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue to the District of

Minnesota as a more convenient forum.  Based upon the submissions of the parties, Defendants'

Motion is hereby GRANTED.  Plaintiff AeroGlobal Capital Management LLC's Complaint is

hereby dismissed without prejudice for lack of personal jurisdiction and improper venue.


BY THE COURT:


Dated:_____            _____
                                           William H. Yohn, Jr.
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 02-CV-5311 |
| CIRRUS INDUSTRIES, INC., a Delaware corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware corporation, FIRST ISLAMIC INVESTMENT BANK, E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, SIMA GRIFFITH, MARWAN ATALLA, WILLIAM J. MIDON and WILLIAM C. WOOD, JR., | ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## <u>ORDER</u>

This matter is before the Court upon the Motion of Defendants Cirrus Industries, Inc.,

Cirrus Holding Company Limited, Crescent Capital Investments, Inc., Alan L. Klapmeier, Dale

E. Klapmeier, Peter P. McDermott, II, John N. Dyslin, Marwan Atalla, and William C. Wood, Jr.

to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal

Jurisdiction, to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for Improper

Venue, or in the Alternative to Transfer to the District of Minnesota pursuant to 28 U.S.C.

§§ 1406(a) and 1404(a) as a proper venue and a more convenient forum.  Defendant First Islamic

Investment Bank, E.C. joins the Motion as to the Motion to Dismiss for Lack of Personal

Jurisdiction and for Improper Venue, and Defendant William Midon joins the Motion as to the

Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue to the District of

Minnesota as a more convenient forum.  Based upon the submissions of the parties, Defendants'

Motion is hereby GRANTED.  The Court hereby transfers this Case to the District of Minnesota

as a more convenient forum pursuant to 28 U.S.C. § 1404(a).


BY THE COURT:


Dated:_____          _____
                                        William H.  Yohn, Jr.
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 02-CV-5311 |
| CIRRUS INDUSTRIES, INC., a Delaware corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware corporation, FIRST ISLAMIC INVESTMENT BANK, E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, SIMA GRIFFITH, MARWAN ATALLA, WILLIAM J. MIDON and WILLIAM C. WOOD, JR., | ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants Cirrus Industries, Inc., Cirrus Holding Company Limited, Crescent Capital Investments, Inc., Alan L. Klapmeier, Dale E. Klapmeier, Peter P. McDermott, II, John N. Dyslin, Marwan Atalla, and William C. Wood, Jr., bring this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction, to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for Improper Venue, or in the Alternative to Transfer to the District of Minnesota pursuant to 28 U.S.C. §§ 1406(a) and 1404(a) as a proper venue and a more convenient forum. Defendant First Islamic Investment Bank, E.C. joins this Motion as to the Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue. Defendant William Midon joins this Motion as to the Motion to Dismiss for Improper Venue, or in the

Alternative to Transfer Venue to the District of Minnesota as a more convenient forum.

Defendants reply in support of their Motion upon the accompanying Memorandum in Support.

Respectfully submitted,

_____

Francis P. Newell
Peter Breslauer
Montgomery, McCracken, Walker &
  Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
Ph:  (215) 772-7310
Fax: (215) 772-7620

Counsel for All Defendants

Of Counsel:

Peter W. Carter
Christopher T. Shaheen
Andre Hanson
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402-1498
(612) 340-2600

Counsel for Defendants Cirrus Industries, Inc.,
Alan Klapmeier, Dale Klapmeier, and Peter McDermott

2

Michael R. Smith
John P. Brumbaugh
Michael A. Sexton
King & Spalding LLP
191 Peachtree Street, NE
Atlanta, Georgia  30303-1763
(404) 572-4600

Counsel for Defendants
First Islamic Investment Bank, E.C.,
Crescent Capital Investments, Inc.,
Cirrus Holding Company Limited,
and John Dyslin


J. Forrest Hinton
Berkowitz, Lefkovits, Isom
& Kushner, P.C.
SouthTrust Tower
420 20th Street North, Suite 1600
Birmingham, AL  35203-5202
(205) 328-0480

Counsel for Defendants Marwan Atalla,
William J. Midon, and William C. Wood, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 02-CV-5311 |
| CIRRUS INDUSTRIES, INC., a Delaware corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware corporation, FIRST ISLAMIC INVESTMENT BANK E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, SIMA GRIFFITH, MARWAN ATALLA, WILLIAM J. MIDON and WILLIAM C. WOOD, JR., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

## I.     INTRODUCTION

Defendants Cirrus Industries, Inc. ("Cirrus"), Cirrus Holding Company Limited

("CHCL"), Crescent Capital Investments, Inc. ("Crescent"), First Islamic Investment Bank, E.C.

("FIIB"), Alan L. Klapmeier, Dale E. Klapmeier, Peter P. McDermott, II,  John N. Dyslin,

Marwan Atalla, William J. Midon, and William C. Wood, Jr. (collectively, "Defendants") submit

this memorandum in support of their motion to dismiss or, in the alternative, to transfer venue.

Because ten of these defendants are not susceptible to personal jurisdiction in the Eastern District

of Pennsylvania, and because this case has nothing to do with Pennsylvania, defendants' motion should be granted.[1]

In mid-2001, Crescent and Plaintiff AeroGlobal Capital Management, LLC ("AeroGlobal") made competing offers to make equity investments in Cirrus, a Duluth, Minnesota manufacturer of small, single-engine aircraft. After Cirrus ultimately chose to proceed with financing through Crescent rather than AeroGlobal, AeroGlobal filed suit against Cirrus, Crescent, and others, first in Delaware state court and almost a year later in this Court.

As is readily apparent from AeroGlobal's Complaint, none of the events underlying this lawsuit occurred in, was directed to, or otherwise relates to the Commonwealth of Pennsylvania. None of the eleven Defendants is located or resides in Pennsylvania, and only one defendant has any connection with the Commonwealth. In short, ten of the eleven Defendants have no relevant jurisdictional contacts whatsoever with this forum, and those ten defendants therefore move to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Additionally, due to the absence of *any* connection between this District and this lawsuit (much less the "substantial" connection that the law requires), venue does not properly lie in this District, and all Defendants move to dismiss pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) on that ground as well.

Alternatively, all Defendants except FIIB move to transfer this action pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) to an infinitely more convenient forum, the District of Minnesota. Cirrus and the individual defendants associated with Cirrus are all located in Minnesota along

---

[1] Defendant William Midon does not join in the motion to dismiss for lack of personal jurisdiction but does join in the motion to dismiss for improper venue, or alternatively to transfer the case to Minnesota. Defendant FIIB joins in the motion to dismiss for lack of personal jurisdiction and improper venue, but does not join in the alternative motion to transfer. Sima Griffith, originally named as a defendant in this action, was dismissed by order of the Court because of plaintiff's failure to timely serve her with the summons and complaint.

2

with many of the witnesses and nearly all of the documentary evidence related to this lawsuit. Moreover, most of the events underlying AeroGlobal's claims occurred in Minnesota. Conversely, none of the parties or witnesses lives in Pennsylvania, and none of the underlying events occurred in Pennsylvania. Therefore, if this case is not dismissed, this Court should transfer it to the District of Minnesota.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Underlying Transactions

In the Spring of 2001, Cirrus and Crescent, an indirect subsidiary of FIIB, negotiated a stock purchase agreement (the "Crescent Stock Purchase Agreement") pursuant to which CHCL, a single-purpose acquisition vehicle formed to facilitate the transaction, was to acquire a majority interest in Cirrus in a transaction set to close in the Summer of 2001. Compl. ¶¶ 28, 34-35. CHCL and Cirrus executed the Crescent Stock Purchase Agreement on June 7, 2001. *Id.* ¶ 35.

Also in the Spring of 2001, representatives of Cirrus were introduced to representatives of Plaintiff AeroGlobal, who were interested in making a competing investment bid to Cirrus. Immediately after signing the Crescent Stock Purchase Agreement, Cirrus began discussions with AeroGlobal concerning the competing investment proposal. These discussions took place in person or via telephone in Rhode Island, Illinois, Wisconsin, and Minnesota. Nov. 18, 2002 Affidavit of Alan L. Klapmeier ("AK. Aff.") ¶ 5 (copy attached as Exhibit A); Nov. 18, 2002 Affidavit of Dale Klapmeier ("DK. Aff.") ¶ 4 (copy attached as Exhibit B). As a result of these negotiations, Cirrus terminated the Crescent Stock Purchase Agreement and, on June 17, 2001, entered into a letter of intent with AeroGlobal (the "LOI") for a competing investment. *See* Compl. Ex. A. The LOI provides that Delaware law governs and contains no forum selection clause. *Id.*

3

In August 2001, Cirrus terminated the LOI after AeroGlobal failed to comply with material terms of the LOI. Compl. ¶¶ 71, 79. On August 21, 2001, Cirrus and Crescent closed a new agreement for the sale of Cirrus stock. *See* Excerpt from Transcript of Deposition of John Dyslin (May 7, 2002) at 13 (copy attached as Exhibit C).

**B.     The Litigation**

In August 2001, AeroGlobal filed suit in Delaware state court against Cirrus, FIIB, Crescent, CHCL, Messrs. Atalla and Midon, Dr. Wood, and Sima Griffith (the "Delaware Action"). In the Delaware Action, AeroGlobal alleges that Cirrus breached the LOI and the other defendants conspired to tortiously interfere with the LOI. After the Delaware Action had proceeded for almost a year, AeroGlobal filed this action (the "Federal Action") on July 24, 2002, but waited until November to serve any of the defendants with process. In the Federal Action, AeroGlobal asserts all of the claims alleged in the Delaware Action and adds federal securities fraud claims against only four of the defendants: Cirrus, Mr. McDermott, and both brothers Klapmeier.

In the Federal Action, AeroGlobal alleges, in cursory fashion, that venue is proper in this District because "the misrepresentations made to AeroGlobal were made in or directed to AeroGlobal representatives in various jurisdictions, including in the Eastern District of Pennsylvania." Compl. ¶ 21.

**C.     The Parties' Lack Of Contacts With This Forum**

Save one defendant who is licensed to practice law in Pennsylvania, none of the parties in this litigation has any relevant or jurisdictionally significant contacts with this forum.

Cirrus is a privately-held Delaware corporation with its corporate headquarters and main manufacturing plant in Duluth, Minnesota. Nov. 18, 2002 Affidavit of William King ("King Aff.") ¶ 2 (copy attached as Exhibit D). Cirrus also maintains other facilities in North Dakota.

*Id.* Cirrus makes no sales in Pennsylvania, has no regional sales managers located in Pennsylvania, does not participate in trade shows in Pennsylvania, and does not specifically target advertising toward Pennsylvania or its residents. *Id.* ¶ 4. Cirrus does not ship its products to Pennsylvania; when customers buy Cirrus aircraft, they take delivery in Duluth. *Id.* ¶ 3.[2]

Alan and Dale Klapmeier are Cirrus's founders. Alan Klapmeier is Cirrus's President and Chef Executive Officer. AK. Aff. ¶ 1. Dale Klapmeier is Cirrus's Chief Operations Officer. DK. Aff. ¶ 1. Both Klapmeiers live and work in Minnesota, and neither has contacts with Pennsylvania. AK. Aff. ¶¶ 2-3; DK. Aff. ¶¶ 2-3. Peter McDermott is Cirrus's former chief financial officer. Nov. 12, 2002 Affidavit of Peter P. McDermott II ("McDermott Aff.") ¶ 1 (copy attached as Exhibit E). He, too, lives and works in Minnesota and has no contacts with Pennsylvania. *Id.* ¶¶ 2-3.

Marwan Atalla, William Midon, and William Wood, Jr. are former members of Cirrus's board of directors. Mr. Atalla lives and works in Texas and has no contacts with Pennsylvania. Jan. 28, 2003 Affidavit of Marwan Atalla ("Atalla Aff.") ¶¶ 3-8 (copy attached as Exhibit F). Dr. Wood lives and works in Alabama and also has no contacts with Pennsylvania. Jan. 29, 2003 Affidavit of William Wood ("Wood Aff.") ¶¶ 3-8 (copy attached as Exhibit G). Mr. Midon lives and works in Massachusetts and is licensed to practice law in Pennsylvania. *See* Excerpt of Transcript of Deposition of William Midon (Nov. 12, 2002) at 4, 8 (copy attached as Exhibit H).

FIIB is a Bahrain-based investment bank. Jan. 31, 2003 Declaration of Henry A. Thompson ("Thompson Dec.") ¶ 2 (copy attached as Exhibit I). It has no contacts with Pennsylvania whatsoever. *Id.* ¶¶ 3-10. Crescent, a Delaware corporation, is an indirect

---

[2] On October 31, 2002, over three months after this suit was filed on July 24, Cirrus hired a single individual as a technical service representative for the Northeast Region. This employee lives in Denver, Pennsylvania, and travels throughout the Eastern seaboard to provide service advice and warranty service to Cirrus customers. *See* King Aff. ¶ 3.

subsidiary of FIIB with its principal place of business in Georgia and has no contacts with Pennsylvania.  Nov. 26, 2002 Affidavit of John N. Dyslin ("Dyslin Aff.") ¶¶ 2-10 (copy attached as Exhibit J).  CHCL is a Cayman Islands company organized to facilitate an investment in Cirrus.  Compl.  ¶ 10.  Like FIIB and Crescent, CHCL has no contacts with Pennsylvania of any kind.  Thompson Dec. ¶¶ 3-10.  John Dyslin is an employee of Crescent and has no contacts with Pennsylvania.  Dyslin Aff. ¶¶ 1, 11.

AeroGlobal is a Delaware limited liability company formed to invest in Cirrus and is in existence today solely to pursue litigation against Cirrus and others.  Compl. ¶ 7; Excerpt of Transcript of Deposition of Keith Fitzgerald (Feb. 1, 2002) at 14 (copy attached as Exhibit K).  AeroGlobal's members are Craig Millard, a resident of Rhode Island and Florida, GH Ventures, LLC, a New York limited liability company, and Boundary Waters Holding, LLC, a Georgia limited liability company.  *See* Excerpt of Transcript of Deposition of Christopher Moe (July 10, 2001) at 8 (copy attached as Exhibit L); *see also* Excerpt of Transcript of Deposition of Keith Fitzgerald (July 13, 2001) at 3, 52, 143 (Ex. K).  GH Ventures' principals are Chris Moe and Ralph Isham, residents of Connecticut and New York, respectively.  Boundary Waters Holding was formed by Keith Fitzgerald, formerly a resident of Minnesota and currently residing in New Hampshire.  *See* Excerpt of Transcript of Deposition of Keith Fitzgerald (Feb. 1, 2002) at 144 (Ex. K).  AeroGlobal's only connection to this District is its Philadelphia law firm.

### III.    ARGUMENT

#### A.    This Court Lacks Personal Jurisdiction Over Ten Of The Eleven Remaining Defendants

All remaining Defendants except Defendant Midon move to dismiss for lack of personal jurisdiction.  None of the ten moving Defendants has sufficient contacts with Pennsylvania to allow this Court to assert personal jurisdiction over them consistent with Pennsylvania law or the

Due Process Clause of the Fourteenth Amendment.  In addition, the four Defendants to Counts I

and II of the Complaint, pled under Sections 10(b) and 20(a) of the Securities Exchange Act (the

"Exchange Act"), also are not susceptible to jurisdiction under the nationwide service of process

provisions of the federal securities laws, *see* 15 U.S.C. § 78aa, because jurisdiction over them

may not be had in Pennsylvania consistent with the Due Process Clause of the Fifth Amendment.

For these reasons, the ten moving Defendants should be dismissed from this lawsuit.

> **1.    This Court Cannot Assert Personal Jurisdiction Over Ten Of
> The Eleven Remaining Defendants Consistent With Due
> Process**

AeroGlobal asserts state law claims against all ten Defendants who move to dismiss.

None of these defendants is susceptible to jurisdiction in this forum consistent with the Due

Process Clause of the Fourteenth Amendment.

This Court may exercise personal jurisdiction over non-resident defendants only to the

extent allowed by Pennsylvania law, consistent with the U.S. Constitution.  *See Pennzoil Prods.*

*Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998); *Provident Nat'l Bank v.*

*California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987).  Because Pennsylvania's

long-arm statute grants Pennsylvania courts personal jurisdiction over nonresident defendants to

the extent allowed by the Due Process Clause of the Fourteenth Amendment, whether defendants

are susceptible to jurisdiction depends on a constitutional analysis.  *See* 42 Pa. Cons. Stat. Ann.

§ 5322(b); *see also Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d

Cir. 1992).  Consistent with due process, personal jurisdiction may be exercised only where a

defendant has "certain minimum contacts with [the forum state] such that the maintenance of the

suit does not offend 'traditional notions of fair play and substantial justice.'"  *International Shoe*

*v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).  Fair play and substantial justice

demand that a "defendant's conduct and connection with the forum State are such that he should

7

reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) (citation omitted).

There are two types of personal jurisdiction: (1) "general jurisdiction, which applies where the defendant's contacts with the forum, though not related to the plaintiff's cause of action, are nevertheless 'continuous and systematic,'" and (2) "specific jurisdiction, which applies where the cause of action arose from the defendant's contacts with the forum." *Wm. Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F. Supp. 2d. 268, 271 (M.D. Pa. 2000) (quotations omitted); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) (discussing specific jurisdiction); *Strick Corp. v. A.J.F. Warehouse Distrib., Inc.*, 532 F. Supp. 951, 955 (E.D. Pa. 1982) (discussing general jurisdiction). This Court has neither general nor specific jurisdiction over the ten moving defendants.

> **a.    General jurisdiction does not exist over any of the ten moving defendants**

General jurisdiction exists over a non-resident defendant where the contacts between the defendant and the forum are such that the defendant was generally present or systematically and continuously conducted business in the forum. *See Walsh v. Alarm Sec. Group, Inc.*, 157 F. Supp. 2d 501 (E.D. Pa. 2001) (exercise of general jurisdiction not warranted over foreign corporation incorporated in Delaware, with principal place of business in another state, without property in Pennsylvania, and not registered to do business in Pennsylvania). Proof of contact sufficient to establish general jurisdiction requires a "showing of extensive and pervasive activity in the forum state." *Boone v. Thompson*, No. 02-CV-1580, 2002 WL 31478834 (E.D. Pa. Nov. 1, 2002); *see also Provident Nat'l Bank*, 819 F.2d at 437 (for general jurisdiction to exist, contacts must be "continuous and substantial").

None of the ten moving defendants is susceptible to general jurisdiction in Pennsylvania courts. The individual moving defendants do not live in Pennsylvania, do not regularly visit Pennsylvania, do not own property in Pennsylvania, and do not regularly and systematically conduct business in Pennsylvania. *See* Dyslin Aff. ¶ 11; Wood Aff. ¶¶ 4-8; Atalla Aff. ¶¶ 4-8. Similarly, FIIB, Crescent, and CHCL have no contacts with Pennsylvania. *See* Dyslin Aff. ¶¶ 3-10; Thompson Dec. ¶¶ 3-10. Cirrus's insignificant and irrelevant contacts with Pennsylvania do not warrant the exercise of personal jurisdiction. As noted, Cirrus hired a technical service representative three months after this suit was filed, but that fact is not relevant for jurisdictional purposes and falls well short of "regular[] and systematic[]" in any event. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 43 F. Supp. 2d 904, 908 (N.D. Ill. 1999) (facts relevant for jurisdictional purposes are those existing when cause of action arose or, at the latest, when suit was filed).

### b.     Specific jurisdiction does not exist over any of the ten moving defendants

Nor does specific jurisdiction exist in this case over any of the ten defendants moving to dismiss. The minimum contacts sufficient to establish specific personal jurisdiction require "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state,' thus ensuring that 'a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.'" *Harris*, 197 F. Supp. 2d. at 203 (citing *Burger King*, 471 U.S. at 475). "Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or related to" those activities.'" *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (quoting *Burger King*, 471 U.S. at 475).

9

"Questions of specific jurisdiction are properly tied to the particular claims asserted."

*General Elec. Co. v. Duetz, A.G.*, 270 F.3d 144, 150 (3d Cir. 2001).  With respect to tort claims,

a plaintiff must show:

> (1)    The nonresident defendant committed an intentional tort;
>
> (2)    The plaintiff felt the brunt of the harm in the forum such
>         that the forum can be said to be the focal point of the harm
>         suffered by the plaintiff as a result of that tort;
>
> (3)    The defendant expressly aimed his tortious conduct at the
>         forum such that the forum can be said to be the focal point
>         of the tortious activity.

*Harris*, 197 F. Supp. 2d at 204 (citing *IMO Industries*, 155 F.3d at 260, 265-66 (footnote

omitted)).  "In contract cases, courts should inquire whether the defendant's contacts with the

forum were instrumental in either the formation of the contract or its breach."  *General Elec. Co.*,

270 F.3d at 150-51.  In a contract dispute, "[s]pecific jurisdiction frequently depends on physical

contacts with the forum.  Actual presence during pre-contractual negotiations, performance, and

resolution of post-contract difficulties is generally factored into the jurisdictional determination."

*Id.* at 150-51.

AeroGlobal asserts that certain of the defendants interfered or conspired to interfere with

the LOI entered into between AeroGlobal and Cirrus.  There is no allegation (nor can there be)

that any communications between any of the alleged tortfeasors took place in or was directed to

Pennsylvania.  All of Cirrus's board meetings were in Minnesota, and all communications

between Cirrus or its representatives on the one hand and Crescent or its representatives on the

other took place in Minnesota, Wisconsin, or Georgia.  Nor did AeroGlobal arguably suffer harm

in Pennsylvania.  AeroGlobal is a Delaware corporation with its registered agent in Delaware.

None of its principals live or are located in Pennsylvania.

10

With respect to the alleged breach of contract, the LOI was executed by Cirrus in Minnesota and was negotiated in Minnesota and Rhode Island.  The LOI was an agreement between two Delaware companies, and Delaware law was to apply to its interpretation.  The LOI had nothing to do with Pennsylvania.

For these reasons, this Court cannot assert jurisdiction over the ten moving defendants consistent with Fourteenth Amendment due process.

> **2.    This Court Cannot Assert Jurisdiction Over The Four Defendants To Exchange Act Claims Consistent With The Due Process Clause Of The Fifth Amendment**

The nationwide service of process provisions of the Securities Exchange Act of 1934 (the "Exchange Act") are of no aid to AeroGlobal.  AeroGlobal asserts securities fraud claims under the Exchange Act against four defendants:  Cirrus, Alan Klapmeier, Dale Klapmeier, and Peter McDermott.  Because this Court cannot assert jurisdiction over these four defendants consistent with the Due Process Clause of the Fifth Amendment, all four defendants must be dismissed for this reason as well.

This Court's exercise of personal jurisdiction over a party who has not consented to suit must comport with constitutional due process.  *See, e.g.*, *General Elec. Co. v, Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001).  Where service is effected pursuant to federal law, personal jurisdiction must comport with the Due Process Clause of the Fifth Amendment.  *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 370 (3d Cir. 2002).

The Exchange Act provides for nationwide service of process of securities fraud defendants who are susceptible to jurisdiction anywhere in the United States.  *See* 15 U.S.C. § 78aa.  "A defendant's 'minimum contacts' with the United States do not, however, automatically satisfy the due process requirements of the Fifth Amendment."  *Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 947 (11th Cir. 1997) (assessing jurisdiction under the RICO Act's

similar nationwide service provision).  Rather, "the proper focus for a personal jurisdiction test should be on protecting an individual's liberty interest in avoiding the burdens of litigating in an unfair or unreasonable forum."  *Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1211 (10th Cir. 2000); *see also id.* at 1210 ("The requirement that a court have personal jurisdiction flows from the Due Process Clause.  It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." (quotations and ellipses omitted) (construing personal jurisdiction under ERISA)).

This Court must "assess whether the exercise of personal jurisdiction is consistent with 'traditional notions of fair play and substantial justice.'"  *Pinker*, 292 F.3d at 370 (quoting *International Shoe*, 326 U.S. at 316) (assuming without deciding that the Fifth Amendment requires analysis beyond "minimum contacts" with the United States); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, No. 01-3390, 2003 WL 175322, at *3 (3d Cir. Jan. 27, 2003) (under Fifth Amendment, exercise of personal jurisdiction requires minimum contacts and also must comport with "traditional notions of fair play and substantial justice" (quotations omitted)).[3]  In addressing whether a plaintiff's choice of forum is unfair, there is "no reason why the Fourteenth Amendment's fairness and reasonableness requirements should be discarded completely when jurisdiction is asserted under a federal statute."  *Peay*, 205 F.3d at 1212 ("in a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiffs' choice of forum to be fair and reasonable to the defendant" (quotations omitted)).

_____

[3] While the *Pinker* Court noted that there "there has been some debate as to whether this second prong of the *International Shoe* analysis ought to apply in the context of a federal statute authorizing nationwide service of process," *Pinker*, 292 F.3d at 371 n.2, the Third Circuit expressed no such reservations on the strictures of the Fifth Amendment in *Toys "R" Us.  See Toys "R" Us*, 2003 WL 175322, at *3.

The *Peay* court set forth five elements that may be considered in addressing whether the choice of forum is unconstitutionally inconvenient:

1.    the extent of the defendant's contacts with the place where the action was filed;

2.    the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including:

    a.    the nature and extent and interstate character of the defendant's business,

    b.    the defendant's access to counsel, and

    c.    the distance from the defendant to the place where the action was brought;

3.    judicial economy;

4.    the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and

5.    the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

*Peay*, 205 F.3d at 1212.

AeroGlobal cannot meet its burden of showing that personal jurisdiction over the four securities fraud defendants is proper in this District. As discussed at length above, none of the four defendants sued for federal securities claims has any relationship to Pennsylvania; thus, requiring them to litigate in this forum is not consistent with fair play and substantial justice. *See* AK. Aff. at ¶ 4, DK. Aff. at ¶ 4, McDermott Aff. at ¶ 4; King Aff. at ¶¶ 3-4. Moreover, requiring these defendants to litigate in Pennsylvania would be unconstitutionally burdensome, as it would require participation in litigation half a country away in a jurisdiction in which they do not otherwise engage in any activity at all. It further would require these defendants to retain yet

13

another law firm and require counsel who are now familiar with the facts and circumstances of this case to travel long distances to appear before this Court.

Because there is no connection to this forum, and because litigation in this forum is unduly burdensome, the exercise of personal jurisdiction over these four defendants would be inconsistent with the Due Process Clause of the Fifth Amendment. Accordingly, the claims against these defendants should be dismissed.

### B.    This Action Should Be Dismissed Because Venue Is Improper In The Eastern District Of Pennsylvania

All defendants move to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) because venue is improper in this District.

AeroGlobal alleges that venue is proper in this District under 28 U.S.C. § 1391.  28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

A corporation "resides" for purposes of § 1391 in any district in which it is subject to personal jurisdiction at the time suit is filed.  28 U.S.C. § 1391(c).

Subsections (1) and (3) are inapplicable because the defendants reside in different states and because this action could have been brought in another judicial district, the District of Minnesota, where it is undisputed that a "substantial part" of the events underlying AeroGlobal's claims occurred.  AeroGlobal implies through its allegations that section 1391(b)(2) applies because, as AeroGlobal alleges in conclusory fashion, "the misrepresentations made to

AeroGlobal were made in or directed to AeroGlobal representatives in various jurisdictions, including in the Eastern District of Pennsylvania." Compl. ¶ 21. However, the Complaint fails to identify any misrepresentations made to AeroGlobal's representatives in or directed to Pennsylvania, despite AeroGlobal's burden under Rule 9(b) to plead fraud, which AeroGlobal claims took place here, with particularity.

Moreover, to satisfy the requirements of section 1391(b)(2): "Events or omissions that might have some tangential connection with the dispute in litigation are not enough. *Substantiality* is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (emphasis added). No "substantial part" of the events allegedly giving rise to AeroGlobal's claims took place in Pennsylvania, and AeroGlobal's allegations do not establish otherwise. Indeed, the *only* connection that this District has with this lawsuit is that AeroGlobal's attorneys are from Philadelphia. AeroGlobal's fortuitous choice of Philadelphia counsel is, at best, "tangential" to this litigation and is insufficient to cause venue to properly lie in this District.

Nor is venue proper under 15 U.S.C. § 78aa, the jurisdiction and venue provision applicable to claims under the Exchange Act. 15 U.S.C. § 78aa provides: "Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder . . . may be brought in any . . . district [wherein any act or transaction constituting the violation occurred] or in the district wherein the defendant is found or is an inhabitant or transacts business . . . ." As discussed above, none of the Exchange Act defendants resides, transacts business, or "is found" in Pennsylvania. Moreover, AeroGlobal failed to allege any acts or transactions occurring in

15

Pennsylvania that constitute a violation of section 10(b) or 20(a) of the Exchange Act.

Accordingly, venue is improper under this theory as well.

      **C.**      **In The Alternative, If Not Dismissed, This Action Should Be**
                   **Transferred To The District Of Minnesota**

      If this Court chooses not to dismiss this case, it should nonetheless transfer the action to

the District of Minnesota pursuant to 28 U.S.C. § 1406(a) or § 1404(a).  Section 1406(a) applies

where venue in the original court was improper when the case was filed.  In such a circumstance,

the case must be either transferred or dismissed.  Section 1404(a) applies where venue was

proper in the original court when the case was filed, but another forum is more appropriate based

on a variety of factors, including the convenience of the parties.  On either basis, transfer is

appropriate here.

           **1.**      **Transfer to the District of Minnesota is proper under § 1406(a)**

      As described above, venue is improper in this District.  Under section 1406(a), this Court

may dismiss this suit or, in the interest of justice, transfer it to a District where the suit could

have been brought.  This suit could have been brought in the District of Minnesota because a

substantial part of the events giving rise to AeroGlobal's alleged claim took place in Minnesota.

If not dismissed, this suit should be transferred to the District of Minnesota.

           **2.**      **Transfer to the District of Minnesota is proper under § 1404(a)**

      Even if this Court were to conclude that venue properly lies in this District, transfer to the

District of Minnesota nonetheless would be proper under 28 U.S.C. § 1404(a).  Section 1404(a)

provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

The purpose of section 1404(a) "is to prevent the waste of time, energy and money and to protect

litigants, witnesses and the public against unnecessary inconvenience and expense."  *Pro Spice,*

*Inc. v. Omni Trade Group, Inc.,* 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). When ruling on a motion to transfer, "a court should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by the transfer to a different forum." *Id.*

In deciding a transfer motion, the Court should first consider whether this case could have been brought originally in the more appropriate venue. The Court then must weigh: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice to determine whether transfer is appropriate. *See* 28 U.S.C. § 1404(a). Courts divide these factors between "private interests" and "public interests." *See, e.g., Liggett Group Inc. v. R.J. Reynolds Tobacco, Co.,* 102 F. Supp. 2d 518, 529-39 (D.N.J. 2000).

Private interests that may be considered include the plaintiff's choice of forum as well as the defendant's preference; where the claim arose; the convenience of the parties; the convenience of the witnesses; and the location of books and records. *Id.* at 879. Public interests include the enforceability of a judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora and the trial judge's familiarity with applicable state law. *Id.* at 879-80. All of these factors support transfer of this case to the District of Minnesota.

        a.        **Private factors support transferring this case to the District of Minnesota**

AeroGlobal, perhaps for the convenience of its counsel, selected this forum. However, the convenience of counsel is not a factor to be considered in the transfer analysis. *See Solomon*

*v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973).  As this Court has

explained:

> Plaintiff's only connection with this District is the presence here of
> its counsel, and the convenience of counsel has never been a
> relevant consideration on a motion to transfer.

*Weinberger v. Retail Credit Co.,* 345 F. Supp. 165, 168 (E.D. Pa. 1972).[4]  AeroGlobal has no

other connection to Pennsylvania: it is a Delaware corporation with principals from Rhode

Island, New York, and Georgia, and its principals' principals are in New Hampshire, New York,

and Connecticut.

Cirrus is a corporation with its roots deep in Minnesota.  Its preference for Minnesota is

not based on forum shopping nor on the convenience of counsel.  It is a Minnesota company with

its property and offices in Minnesota.  It would be far more convenient for Cirrus to litigate this

case in Minnesota and not significantly more inconvenient for AeroGlobal to litigate in

Minnesota rather than Pennsylvania.

Little or none of the documentary evidence is in Pennsylvania.  It is in Minnesota, where

Cirrus maintains its home office and its records.  Some documents are in the possession of

AeroGlobal's principals, not one of which is located in Pennsylvania.

---

[4] *See also Bolton v. Tesoro Petrol. Corp.,* 549 F. Supp. 1312, 1314 (E.D. Pa. 1982); *Triangle Industries, Inc. v. Kennecott Copper Corp.,* 325 F. Supp. 150 (E.D. Pa. 1971).  Moreover, it is settled law that, while a plaintiff's forum choice ordinarily carries weight, "when a plaintiff chooses a forum other than its home forum[] that choice receives less deference." *Am. Littoral Soc'y v. United States Envtl. Prot. Agency,* 943 F. Supp. 548, 551 (E.D. Pa. 1996); *see also Kielczynski v. Consol. Rail Corp.*, 837 F. Supp. 687, 689 (E.D. Pa. 1993) (a plaintiff's choice of forum "should be given considerably less weight" when chosen forum is not plaintiff's home forum.); *National Mortgage Network, Inc. v. Home Equity Centers, Inc.*, 683 F. Supp. 116, 119 (E.D. Pa. 1988); *Liggett Group Inc. v. R.J. Reynolds Tobacco, Co.,* 102 F. Supp. 2d 518, 529-39 (D.N.J. 2000) (less deference to plaintiff's forum choice where it is not his home and has "little connection with the operative facts of the lawsuit"; *Bicicletas Windsor, S.A. v. Bicycle Corp. of America*, 783 F. Supp. 781, 789 (S.D.N.Y. 1992); *Zalutsky, Pinski & DiGiacomo, Ltd. v. Kleinman*, 747 F. Supp. 457, 462 (N.D. Ill. 1990).

"The convenience of the witnesses is an important factor for the court since it determines the relative ease of access to sources of proof." *Graff v. Qwest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (quotations omitted).  As the Supreme Court explained, "[i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  Unless AeroGlobal's counsel is called to testify, Defendants are unaware of any potential witnesses in Pennsylvania.  Rather, the witnesses, including the Klapmeiers and Mr. McDermott, are primarily in Minnesota along with most of Cirrus's other employees and officers.  By contrast, none of the people behind AeroGlobal, Messrs. Millard, Isham, Moe, or Fitzgerald, lives in Pennsylvania.  None of the defendants who formerly served on Cirrus's board or who are associated with FIIB, Crescent, or CHCL lives in Pennsylvania or would be inconvenienced by transfer of this action to Minnesota.  These private interests all support transfer of this case to the District of Minnesota.

### b.    Public factors support transferring this Case to the District of Minnesota

Public factors also support transferring this matter to Minnesota.  Minnesota is where Cirrus and the defendants associated with Cirrus reside.  While the Eastern District of Pennsylvania is efficient in handling its caseload, it clearly has the more congested docket when compared to the District of Minnesota.  The Eastern District of Pennsylvania had almost three times as many cases filed in 2001 as did the District of Minnesota.  *See* U.S. District Court – Judicial Caseload Profile for Pennsylvania (8,109 cases filed in 2001) (copy attached as Exhibit M) and Minnesota (2,730 cases filed in 2001) (copy attached as Exhibit N).  The Eastern District

of Pennsylvania had 521 cases that were over three years old, compared to the District of Minnesota's 53 cases in the same category. *Id.* In 2001, the Eastern District of Pennsylvania had 350 pending cases per judge, while the District of Minnesota had only 314 pending cases per judge. *Id.*

Even without these differences, it would be unfair to use the Eastern District of Pennsylvania's judicial resources and subject Pennsylvania citizens to jury duty in a case with no relation to Pennsylvania. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation"). This case has nothing to do with Pennsylvania, and there is no reason that the citizens of Pennsylvania would have an interest in this litigation. In contrast, Cirrus is a corporate citizen of Minnesota. It employs a large work force in Minnesota, pays Minnesota taxes, and plays a role in the life of Minnesota. The very purpose of a jury is to function as a cross-section and microcosm of the interested community. This purpose is compromised when the litigants and the issues they are litigating concern facts and events that occurred a thousand miles away. Thus, this public interest factor favors transfer as well.

The public and private interests dictate the transfer of this case to the District of Minnesota.

20

IV.    **CONCLUSION**

This Court should dismiss this suit for lack of personal jurisdiction and lack of venue.  In the alternative, this suit should be transferred to the District of Minnesota.

Respectfully submitted,

_____
Francis P. Newell
Peter Breslauer
Montgomery, McCracken, Walker &
  Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
Ph:  (215) 772-7310
Fax: (215) 772-7620

Counsel for All Defendants

Of Counsel:

Peter W. Carter
Christopher T. Shaheen
Andre Hanson
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402-1498
(612) 340-2600

Counsel for Defendants Cirrus Industries, Inc.,
Alan Klapmeier, Dale Klapmeier, and Peter McDermott

Michael R. Smith
John P. Brumbaugh
Michael A. Sexton
King & Spalding LLP
191 Peachtree Street, NE
Atlanta, Georgia  30303-1763
(404) 572-4600

Counsel for Defendants
First Islamic Investment Bank E.C.,
Crescent Capital Investments, Inc.,
Cirrus Holding Company Limited,
and John Dyslin

J. Forrest Hinton
Berkowitz, Lefkovits, Isom
& Kushner, P.C.
SouthTrust Tower
420 20th Street North, Suite 1600
Birmingham, AL  35203-5202
(205) 328-0480

Counsel for Defendants Marwan Atalla,
William J. Midon, and William C. Wood, Jr.

## CERTIFICATE OF SERVICE

I, Michael Hayes, hereby certify that on February 4, 2003, I caused a true and correct copy of the foregoing Proposed Orders, Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue, and Memorandum in Support thereof to be served, via United States mail, first-class postage prepaid, upon the following:

Paul R. Rosen, Esquire
Timothy C. Russell, Esquire
Michael C. Wagner, Esquire
Spector Gadon & Rosen, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA  19103

Counsel for Plaintiff

_____