UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware Corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware Corporation, FIRST ISLAMIC INVESTMENT BANK, E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, MARWAN ATALLA, WILLIAM J. MIDON, AND WILLIAM C. WOOD,<br><br>Defendants. | Civil Action No. 02-CV-5311 |

## ORDER

Defendants' Motion to Remove Case from Suspense Docket is hereby GRANTED.

BY THE COURT:

Dated:_____

_____
William H. Yohn, Jr.
United States District Judge

888354v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware Corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware Corporation, FIRST ISLAMIC INVESTMENT BANK, E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, MARWAN ATALLA, WILLIAM J. MIDON, AND WILLIAM C. WOOD,<br><br>Defendants. | Civil Action No. 02-CV-5311 |

## DEFENDANTS' MOTION TO REMOVE CASE FROM SUSPENSE DOCKET

Defendants move the Court for an order removing the above-captioned case from the suspense docket. The grounds for this motion are set forth in the accompanying memorandum of law, and a proposed order granting the motion is attached.

Respectfully submitted,

_____
Francis P. Newell
Peter Breslauer
Montgomery, McCracken,
 Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Ph: (215) 772-7310
Fax: (215) 772-7620

Counsel for All Defendants

888354v1

Of Counsel:

Michael R. Smith
John P. Brumbaugh
Michael A. Sexton
King & Spalding LLP
191 Peachtree Street, NE
Atlanta, Georgia 30303-1763
(404) 572-4600

Counsel for Defendants
First Islamic Investment Bank, E.C.,
Crescent Capital Investments, Inc.,
Cirrus Holding Company Limited,
and John Dyslin


Peter W. Carter
Christopher T. Shaheen
Andre Hanson
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600

Counsel for Defendants Cirrus Industries, Inc.,
Alan Klapmeier, Dale Klapmeier, and Peter McDermott


B.G. Minisman, Jr.
J. Forrest Hinton
Berkowitz, Lefkovits, Isom
& Kushner, P.C.
SouthTrust Tower
420 20th Street North, Suite 1600
Birmingham, AL 35203-5202
(205) 328-0480

Counsel for Defendants Marwan Atalla,
William J. Midon, and William C. Wood, Jr.

2

888354v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC., a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> CIRRUS INDUSTRIES, INC., a Delaware Corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware Corporation, FIRST ISLAMIC INVESTMENT BANK, E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, MARWAN ATALLA, WILLIAM J. MIDON, AND WILLIAM C. WOOD, <br><br> Defendants. | Civil Action No. 02-CV-5311 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO REMOVE CASE FROM SUSPENSE DOCKET**

Defendants hereby file their memorandum of law in support of their motion to remove the above-captioned matter from the suspense docket.

**I.   INTRODUCTION**

The Plaintiff filed this action on July 24, 2002, alleging, among other things that the Defendants have committed securities fraud and conspired to commit tortious interference with Plaintiff's alleged contractual and business relations. On December 10, 2002, the Court issued an order dismissing Plaintiff's claims as to Cirrus Industries, Inc., Cirrus Holding Company Limited, Alan L. Klapmeier, Dale E. Klapmeier, Peter P. McDermott, II, John N. Dyslin, Sima Griffith, Marwan Atalla, William J. Midon, and William C. Wood.

888354v1

On December 27, 2002, Plaintiff's counsel wrote the Court requesting that this action be placed on the suspense docket pending the resolution of the jurisdictional motion of one party to a suit filed by the Plaintiff in Delaware State Court involving many of the same parties and issues as this case. The December 27 letter proposed a conference to discuss the question of suspension, but none was ever held. At the time of Plaintiff's request, only Defendants Crescent Capital Investments, Inc. ("Crescent") and First Islamic Investment Bank ("FIIB") were parties to this suit, the remaining Defendants having been dismissed pursuant to the Court's Order of December 10, 2002. Because at the time of the request for suspension this action included fewer of the interested parties than did the Delaware State Court action, Defendants Crescent and FIIB did not take action to oppose the suspension, although these defendants have never agreed that this case should be placed on the suspense docket.

On January 16, 2003, the Court issued an order vacating its December 10, 2002 order and reinstating the dismissed Defendants (with the exception of Sima Griffith) as parties to this action. Upon entry of the January 16 Order, the Defendants promptly prepared a Motion To Dismiss, Or In The Alternative To Transfer (Doc. #28), which was filed on February 5, 2003.

Unbeknownst to Defendants, on February 4, 2003, this Court apparently entered an order placing this matter on the suspense docket per Plaintiff's request. Counsel for Defendants did not receive the Order until February 8, 2003, three days after filing their Motion To Dismiss, Or In The Alternative To Transfer. The ground cited for this Order was that the Defendants had never objected to Plaintiff's December 27 request for suspension.

Defendants unanimously oppose placement of this matter on the suspense docket.

## II. THIS ACTION SHOULD BE TAKEN OFF THE SUSPENSE DOCKET

Defendants strongly object to placement of this case on the suspense docket. Defendants desire to clear their names of Plaintiff's scurrilous charges of fraud and conspiracy as soon as possible. Moreover, the proffered reason for suspense – the pending decision of whether FIIB is subject to personal jurisdiction in Delaware – does not justify suspending this case because this case, which includes a number of additional parties and new claims, is much broader than the Delaware State Court action.

Circumstances justifying suspension are not present in the instant matter. While this action was temporarily dormant following the Court's December 10 Order dismissing all but two Defendants, the case has certainly been active since the dismissed Defendants were reinstated by the Court's January 16 Order. On February 5, 2003, the day following the Court's suspension order (and before the Defendants received notice of the Order), Defendants filed a Motion To Dismiss, Or In The Alternative To Transfer this action. Defendants do not wish to have the cloud of federal securities fraud and conspiracy charges hanging over them indefinitely, and intend to move vigorously to have these claims against them dismissed as soon as possible. Accordingly, this case is certainly **not** "likely to remain moribund for an appreciable period of time," and should not remain suspended. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) (affirming reinstatement of case based on party's request that the court rule upon its pending motion for summary judgment). Further, there is no need to suspend this action pending resolution of the Delaware State Court action, which includes fewer parties and a narrower ranges of issues than this suit. *Compare Lehman*, 166 F.3d at 392 n.3 (suspension appropriate when ordered due to primacy of pending bankruptcy proceedings). Finally, Defendants' failure to sooner object to the proposed suspension should carry little weight, given

3

888354v1

that (1) only two Defendants were parties to this case at the time of Plaintiff's December 27th request for suspension, (2) the conference Plaintiff proposed to discuss suspension never took place, and (3) the Defendants were never afforded an opportunity to voice their objections to the suspension after the January 16 reinstatement of those Defendants dismissed in the Court's December 10 order.

### III.   CONCLUSION

For the foregoing reasons, all Defendants respectfully request that the Court issue an order removing this case from the suspense docket.

Respectfully submitted,

Francis P. Newell
Peter Breslauer
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
Ph:  (215) 772-7310
Fax: (215) 772-7620

Counsel for All Defendants

4

888354v1

Of Counsel:

Michael R. Smith
John P. Brumbaugh
Michael A. Sexton
King & Spalding LLP
191 Peachtree Street, NE
Atlanta, Georgia 30303-1763
(404) 572-4600

Counsel for Defendants
First Islamic Investment Bank, E.C.,
Crescent Capital Investments, Inc.,
Cirrus Holding Company Limited,
and John Dyslin


Peter W. Carter
Christopher T. Shaheen
Andre Hanson
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600

Counsel for Defendants Cirrus Industries, Inc.,
Alan Klapmeier, Dale Klapmeier, and Peter McDermott


B.G. Minisman, Jr.
J. Forrest Hinton
Berkowitz, Lefkovits, Isom
& Kushner, P.C.
SouthTrust Tower
420 20th Street North, Suite 1600
Birmingham, AL 35203-5202
(205) 328-0480

Counsel for Defendants Marwan Atalla,
William J. Midon, and William C. Wood, Jr.

5

888354v1

## CERTIFICATE OF SERVICE

I, Michael Hayes, hereby certify that on February 10, 2003, I caused a true and correct copy of the foregoing Proposed Order, Defendants' Motion to Remove Case from Suspense Docket and Memorandum of Law in Support thereof to be served, via United States mail, first-class postage prepaid, upon the following:

> Paul R. Rosen, Esquire
> Timothy C. Russell, Esquire
> Michael C. Wagner, Esquire
> Spector Gadon & Rosen, P.C.
> Seven Penn Center
> 1635 Market Street, 7th Floor
> Philadelphia, PA 19103
>
> Counsel for Plaintiff

_/s/ Michael Hayes_