IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware Corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands Corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware Corporation, FIRST ISLAMIC INVESTMENT BANK, E.C., a Bahrain Investment Bank, ALAN KLAPMEIER, DALE KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, SIMA GRIFFITH, MARWAN ATALLA, WILLIAM J. MIDON, and WILLIAM C. WOOD,<br><br>Defendants. | C.A. NO. 02-CV-5311<br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of defendants' motion to remove this action from the suspense docket, and plaintiff's response in opposition thereto, it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

_____
William H. Yohn, Jr., Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware Corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands Corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware Corporation, FIRST ISLAMIC INVESTMENT BANK, E.C., a Bahrain Investment Bank, ALAN KLAPMEIER, DALE KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, SIMA GRIFFITH, MARWAN ATALLA, WILLIAM J. MIDON, and WILLIAM C. WOOD,<br><br>Defendants. | C.A. NO. 02-CV-5311<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO REMOVE CASE FROM SUSPENSE DOCKET**

Plaintiff AeroGlobal Capital Management, LLC ("AeroGlobal"), through its undersigned counsel, submits this memorandum in opposition to the motion of defendants Cirrus Industries, Inc., Cirrus Holding Company Limited, Crescent Capital Investments, Inc., First Islamic Investment Bank, E.C. ("First Islamic"), Alan Klapmeier, Dale Klapmeier, Peter P. McDermott, II, John N. Dyslin, Sima Griffith, Marwan Atalla, William J. Midon, and William C. Wood (collectively, the "defendants") to remove the case from the suspense docket. Because the circumstances that caused the case first to be placed in suspense have not changed, and because none of the defendants could possibly be prejudiced by keeping this action on the suspense docket pending the outcome of First Islamic's motion to dismiss in the related Delaware state

court litigation, the Court should deny the defendants' motion.

This action was filed on July 24, 2002. Counsel for AeroGlobal wrote to the Court on November 19, 2002, and again on December 27, 2002, to request that the case be placed on the Court's civil suspense docket, in accordance with the Standing Order of June 24, 1975 (E.D. Pa., June 24, 1975)(the "Standing Order"). Counsel for defendants failed to object or otherwise respond to AeroGlobal's request, and the Court entered an order on February 3, 2003, placing this action in civil suspense pending the outcome of the related Delaware litigation.[1] On February 4, 2003, the defendants filed a motion to dismiss and/or transfer this action, apparently without knowledge of the existence of the Court's February 3, 2003 order. The defendants filed their motion to remove the case from the suspense docket on or about February 10, 2003.

Between the time that service was effected on the defendants in this case and the time that the defendants filed their motion to remove the case from the suspense docket, <u>nothing has changed</u> in the Delaware litigation. Although the Delaware court did dismiss AeroGlobal's claims against three defendants who are also parties here -- defendants Atalla, Wood and Midon -- AeroGlobal has filed a motion for reconsideration of that ruling, and the motion for reconsideration is still pending. Thus, even the dismissal of those three individual defendants from the Delaware case is not yet final. Moreover, the Delaware court has still not yet ruled on First Islamic's motion to dismiss AeroGlobal's claims for lack of personal jurisdiction -- the

---

[1] The parties in the Delaware litigation are substantially identical to the parties in this action, and the only additional defendants named herein are current and former officers and directors of defendant Cirrus Industries, Inc. Contrary to defendants' contention on page 4 of their brief, all defendants were served prior to the December 27, 2002 letter from AeroGlobal's counsel to the Court. Moreover, and as was stated originally in Mr. Rosen's November 19, 2002 letter to the Court, AeroGlobal will pursue this action <u>only if</u> the Delaware court rules that First Islamic is not subject to personal jurisdiction in that state.

pendency of which was AeroGlobal's primary reason for seeking to have this action placed in suspense -- and, indeed, the Delaware court has recently permitted the parties to file supplemental memoranda in connection with that motion.

Section 1(b) of this Court's Standing Order provides that a case is to be removed from the suspense docket and placed back on the active case list once "the condition which required transfer to the Civil Suspense Docket has been removed." See Byrd v. Robinson, 1997 WL 14495, at *2 (E.D. Pa. Jan. 14, 1997) (citing June 24, 1975 Standing Order as legal standard); see also In re: Loewen Group, Inc. Securities Litigation, 2001 WL 530544 at * 3-4 (E.D. Pa. May 16, 2001) (denying motion to remove case from the suspense docket when the circumstances justifying suspending the action still existed). As set forth above, the situation in this litigation has not changed since AeroGlobal initially requested that the action be placed in suspense. Moreover, were this Court to remove the case from the suspense docket at this time, the resources of this Court and of the parties would be expended perhaps needlessly, since no one can predict how or when the Delaware court will determine First Islamic's still-pending jurisdictional motion, and further expense in this action is unnecessary prior to the Delaware court's ruling on that motion. Removing this case from the suspense docket would, therefore, be grossly inefficient at this time. Finally, it cannot be disputed that no defendant will suffer any prejudice as a result of keeping this action on the civil suspense docket pending the outcome; the Court's order of February 3, 2003 explicitly so provides.

## CONCLUSION

Based on the foregoing, the Court should deny the defendants' motion to remove this case from the civil suspense docket.

Respectfully submitted,

_____
Paul R. Rosen
Timothy C. Russell
Michael C. Wagner
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888
(215) 241-8844 (fax)

Attorneys for Plaintiff
AeroGlobal Capital Management, LLC.

Dated:  February 27, 2002

-4-

## CERTIFICATE OF SERVICE

      I, Michael C. Wagner, hereby certify that I caused a true and correct of the foregoing Memorandum to be served upon the following counsel for defendants, by hand delivery, on this the 27th day of February, 2003, at the address indicated.

Francis P. Newell, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(Counsel for all defendants)

                                                                      Michael C. Wagner