IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| **AEROGLOBAL CAPITAL MANAGEMENT, LLC.,** a Delaware Limited Liability Company, : : : | |
| Plaintiff, : : | C.A. NO. 02-CV-5311 |
| v. : : | |
| **CIRRUS INDUSTRIES, INC.,** a Delaware Corporation, **CIRRUS HOLDING COMPANY LIMITED,** a Cayman Islands Corporation, **CRESCENT CAPITAL INVESTMENTS, INC.,** a Delaware Corporation, **FIRST ISLAMIC INVESTMENT BANK, E.C.,** a Bahrain Investment Bank, **ALAN KLAPMEIER, DALE KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, SIMA GRIFFITH, MARWAN ATALLA, WILLIAM J. MIDON, and WILLIAM C. WOOD,** : : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants. : : | |

_____

**PLAINTIFF'S MOTION TO VACATE ORDER ENTERED FEBRUARY 28, 2003
AND TO EXTEND THE TIME TO RESPOND TO DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Plaintiff AeroGlobal Capital Management, LLC, through its undersigned counsel, hereby moves this Court for an order (i) under Fed. R. Civ. P. 60(b)(1) vacating the Court's order entered on February 28, 2003 that granted defendants' motion to dismiss, and (ii) under Fed. R. Civ. P. 6(b)(2) granting AeroGlobal additional time to respond to defendants' motion to dismiss and/or transfer the case.  The reasons for granting this motion are set forth in the memorandum of law in support hereof, which is being filed concurrently herewith.

WHEREFORE, plaintiff respectfully requests that the Court grant the motion, vacate its order entered February 28, 2003, and grant plaintiff additional time through March 21, 2003 to

respond to defendants' motion to dismiss and/or transfer this case.

                    Respectfully submitted,

                    SPECTOR GADON & ROSEN, P.C.

                    _____

                    Paul R. Rosen
                    Timothy C. Russell
                    Michael C. Wagner
                    1635 Market Street, 7th Floor
                    Philadelphia, PA  19103
                    (215) 241-8888
                    (215) 241-8844 (fax)

                    Attorneys for Plaintiff
                    AeroGlobal Capital Management, LLC.

Dated:  March 10, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| **AEROGLOBAL CAPITAL MANAGEMENT, LLC.,** a Delaware Limited Liability Company, | : : : |
| Plaintiff, | : : |
| v. | C.A. NO. 02-CV-5311 : : |
| **CIRRUS INDUSTRIES, INC.,** a Delaware Corporation, **CIRRUS HOLDING COMPANY LIMITED**, a Cayman Islands Corporation, **CRESCENT CAPITAL INVESTMENTS, INC.,** a Delaware Corporation, **FIRST ISLAMIC INVESTMENT BANK, E.C.,** a Bahrain Investment Bank, **ALAN KLAPMEIER, DALE KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, SIMA GRIFFITH, MARWAN ATALLA, WILLIAM J. MIDON, and WILLIAM C. WOOD,** | : : **JURY TRIAL DEMANDED** : : : : : : : : |
| Defendants. | : : |

_____

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO VACATE
ORDER ENTERED FEBRUARY 28, 2003 AND TO EXTEND THE TIME TO RESPOND
TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Plaintiff AeroGlobal Capital Management, LLC ("AeroGlobal"), through its undersigned counsel, submits this memorandum in support of its motion under Fed. R. Civ. P. 60(b)(1) to vacate the Court's order of February 28, 2003 that granted as unopposed defendants' motion to dismiss, and for an extension of time through March 21, 2003 to respond to the defendants' motion to dismiss and/or transfer this case. AeroGlobal's failure to file a response to the defendants' motion to dismiss was the result of an honest mistake or misunderstanding, apparently shared by counsel for <u>all</u> parties, regarding the impact and effect of having a case placed on the Court's Civil Suspense Docket and having the case marked as "closed for statistical

purposes." The undisputed facts establish that the mistake or misunderstanding was entirely inadvertent, was in complete good faith, was shared by defendants' counsel and, at the very worst, could only be characterized as "excusable neglect" within the meaning of Fed. R. Civ. P. 60(b)(1). Accordingly, this Court should vacate its February 28, 2003 order granting the motion to dismiss, and grant AeroGlobal until March 21, 2003 to respond to the motion to dismiss.

## BACKGROUND

This action was filed on July 24, 2002, and the case is related to litigation currently pending in the Superior Court of Delaware, in which First Islamic Investment Bank, E.C. ("First Islamic"), a defendant in this action, is likewise a defendant. First Islamic has moved to dismiss for lack of personal jurisdiction in the Delaware litigation, and that motion is still pending. While effecting service of process in this action, counsel for AeroGlobal wrote to the Court on November 19, 2002, to request that the action be placed "in suspense" pending the outcome of First Islamic's motion to dismiss in Delaware, and indicating that AeroGlobal would pursue this action and seek to assert personal jurisdiction over First Islamic pursuant to Federal Rule of Civil Procedure 4(k) <u>only</u> if the Delaware court granted First Islamic's motion.[1] The Court wrote back to counsel on November 22, 2002, stating that the case would not be placed "in civil suspense" at that time, since all parties had not been served, but stating that a request to place the action in suspense would be entertained following service of process.[2]

After service of process was effected, counsel for AeroGlobal wrote to the Court on

---

[1] A true and correct copy of counsel's November 19, 2002 correspondence is attached hereto as Exhibit "A."

[2] A true and correct copy of the Court's November 22, 2002 correspondence is attached hereto as Exhibit "B."

December 27, 2002, again to request that the case be placed "in suspense."[3] Counsel for defendants failed to object or otherwise respond to AeroGlobal's request. The Court thus entered an order on February 3, 2003, placing this action in civil suspense as requested by AeroGlobal in its counsel's December 27, 2002 letter, pending the outcome of the related Delaware litigation, in accordance with the Standing Order of June 24, 1975 (E.D. Pa., June 24, 1975)(the "Standing Order"), relating to this Court's suspense docket. The Court also ordered the Clerk to mark the case "closed" for statistical purposes, and directed counsel for AeroGlobal to report to the Court on the status of the Delaware litigation at 60-day intervals.[4]

On February 4, 2003, the defendants, apparently unaware that the case had been placed in suspense the day before, filed a motion to dismiss and/or transfer this action. Upon receipt of the defendants' motion, counsel for AeroGlobal contacted local counsel for all defendants, Francis Newell, Esquire, and advised him of AeroGlobal's position that no proceedings on the motion to dismiss and/or transfer, including AeroGlobal's filing of a response to the defendants' motion, should go forward until the case was removed from the suspense docket. Mr. Newell did not reject AeroGlobal's suggestion, and indicated that he would respond definitively after conferring with his out-of-town counsel. Mr. Newell's definitive response came on February 10, 2003 in the form of defendants' motion to remove the case from the suspense docket, filed on or about February 10, 2003. That motion, which was filed for no other reason than to permit the defendants' motion to dismiss to go forward, confirmed that the defendants, too, understood that

---

[3] A true and correct copy of counsel's December 27, 2002 correspondence is attached hereto as Exhibit "C."

[4] A true and correct copy of the Court's February 3, 2003 order is attached hereto as Exhibit "D."

nothing should or would happen concerning their motion to dismiss while the case remained in suspense. In other words, it was the clear understanding of counsel for AeroGlobal <u>and</u> counsel for defendants that the decision on the motion to dismiss and/or transfer this action, as well as the time for AeroGlobal's response to that motion, would be "suspended" until the case was removed from the suspense docket.[5] AeroGlobal filed a timely response to the motion to remove the case from the suspense docket on February 27, 2003.

     Notwithstanding the parties' understanding, on February 28, 2003, while this action was still in civil suspense, the Court entered an order dismissing the case due to AeroGlobal's failure to file a response to defendants' motion to dismiss and/or transfer. It was only thereafter, on March 3, 2003, that the Court entered an order removing the action from the suspense docket. On that date, counsel for AeroGlobal telephoned Mr. Newell to ask whether he would stipulate to an order that vacated the order dismissing the case and granted AeroGlobal a reasonable amount of time to respond to the motion to dismiss. Despite the fact that the defendants had apparently shared AeroGlobal's understanding of the effect of the suspense order, Mr. Newell replied that his out-of-state co-counsel would not so stipulate under the circumstances.[6] Counsel for AeroGlobal then wrote to the Court on March 4, 2003 to explain matters, and to advise the Court that AeroGlobal would be filing a motion under Rule 60(b) to vacate the order of

---

[5]    Indeed, in their motion to remove the case from the suspense docket, defendants indicated that they too understood that the motion to dismiss was, technically, not before the court at that time since the action was in suspense, by proclaiming the defendants' prospective "<u>inten[t] to move vigorously</u> to have these claims against them dismissed as soon as possible." Defendants' Memorandum in Support of their Motion to Remove Case from Suspense Docket, at 3.

[6]    <u>See</u> correspondence to the Court dated March 4, 2003, at 2, a true and correct copy of which is attached hereto as Exhibit "E."

dismissal. The Court wrote back to counsel on March 5, explaining that the motion to dismiss was granted because AeroGlobal had not filed a response thereto, and that the fact that a case is placed on "the civil suspense docket does not preclude the filing and disposition of motions."[7] This motion now follows.

## ARGUMENT

AeroGlobal moves under Fed. R. Civ. P. 60(b)(1) to vacate the order that granted the defendants' motion to dismiss because AeroGlobal did not file a response to the motion to dismiss. AeroGlobal's failure to do so was not the result of any culpable neglect, or oversight or, certainly, of any disregard of or disrespect for the orderly processes of this Court. Instead, it was due to an inadvertent procedural mistake or misunderstanding, manifestly shared by counsel for defendants, that no proceedings whatsoever will occur in an action while the case is "in suspense" and has been placed on the Court's Civil Suspense Docket.[8] Although it now appears that counsels' understanding was technically incorrect, it was clearly an understanding reached

---

[7] A true and correct copy of the Court's March 5, 2003 correspondence is attached hereto as Exhibit "F." Counsel for defendants wrote to the Court on March 7, 2003, denying any misunderstanding on their part regarding the effect of having a case placed in suspense. Regardless of defendants' current position, the prospective language employed in their motion to remove the case from the suspense docket, see note 5, supra, speaks volumes and plainly contradicts the post-hoc rationale expressed following their windfall victory on the motion to dismiss. Indeed, the only explanation for the defendants' disingenuously articulated new position is their manifest satisfaction with their windfall victory in this matter.

[8] The phrases "in suspense" and "closed for statistical purposes" suggest on their face that the case is not active, and counsel for AeroGlobal believe that it is a common understanding among practitioners in the Eastern District of Pennsylvania that no proceedings are to occur in a case that has been placed on the suspense docket, except with leave of or after direction from the Court, or until after the case has been restored to active status. Indeed, "suspense" is nowhere defined in the Standing Order, and its common meaning according to Merriam-Webster is "the state of being suspended," with "suspend" defined as "to cause to stop temporarily," or "to set aside or make temporarily inoperative." See Merriam Webster Online, http://www.m-w.com/cgi-bin/dictionary?book=Dictionary&va=suspend.

and acted on in complete good faith, and counsels' misunderstanding does not warrant what amounts to dismissal by default.

This scenario is closely analogous to the entry of default judgment against a defendant for failure to respond to a complaint. It is settled, of course, that "as a general matter [the Third Circuit] does not favor defaults and . . . in a close case doubts should be resolved in favor or setting aside the default and reaching a decision on the merits." Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); see also Brokerage Concepts, Inc. v. The Nelson Medical Group, 2000 WL 283849 (E.D. Pa., March 15, 2000). Rule 60(b)(1) provides that "[o]n motion and upon such terms that are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court must consider three factors in ruling on a motion to set aside a judgment owing to a party's default, which as applicable to the current circumstances include: (1) whether the defendants would be prejudiced; (2) whether the default was the result of the AeroGlobal's culpable neglect; and (3) whether AeroGlobal has a meritorious defense to the motion to dismiss. See Gross, 700 F.2d at 122. Courts must construe motions to excuse a default liberally in favor of the moving party, and the decision whether to excuse a default rests in the Court's sound discretion. See, e.g., United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984); Cassell v. Philadelphia Maintenance Company, 198 F.R.D. 67, 68 (E.D. Pa. 2000); Choice Hotels International, Inc. v. Pennave Associates, Inc., 192 F.R.D. 171, 173-74 (E.D. Pa. 2000).

Dismissals by default and default judgments have been regularly been vacated under

Rule 60(b) in circumstances far more egregious than those present here. See, e.g., Bateman v. United States Postal Service, 231 F.3d 1220 (9th Cir. 2000) (excusing failure of plaintiff to file timely response to a summary judgment motion, where plaintiff's counsel was in Nigeria for 19 days for a family emergency, the motion was filed in his absence, and despite the fact that plaintiff's counsel did not contact the court until 16 days after his return, since there was no showing of plaintiff's bad faith, minimal prejudice to the defendant resulted, minimal delay in the proceedings resulted, and defense counsel skirted the boundaries of good faith); Walter v. Blue Cross & Blue Shield United of Wisconsin, 181 F.3d 1198 (11th Cir. 1999) (plaintiff's attorney's untimely response to a motion to dismiss, due to his secretary's failure to record the applicable response deadline, was excusable neglect, and plaintiff was entitled to relief from dismissal since the defendant suffered no prejudice, allowing the plaintiff to file an untimely response would not have an adverse impact on the court or its resources, the reason for the delay involved an innocent oversight, and plaintiff did not act in bad faith); Hibernia National Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir. 1985)(holding that an attorney's neglect in following a local rule regarding the timing of responses to motions for summary judgment should have been excused, and that the district court should not have ruled on the motion as unopposed).

     This case is similar to Brien v. Kullman Industries, Inc., 71 F.3d 1079 (2nd Cir. 1995). In that case, default judgment was entered against the defendant for failing to respond to the complaint, and the defendant argued on a motion under Rule 60(b) to vacate the judgment that the failure to respond was the result of a mistaken belief that another motion would be decided before the time for responding would arise, and that counsel for the defendant had received

conflicting information from the clerk regarding the case. Id. at 1076. The district court denied the motion to vacate, and the defendant appealed. The court of appeals reversed, holding that the default by the defendant was not willful and that the plaintiff in that case would not be prejudiced by an order vacating default. Id. at 1078.

As in Brien, the defendants here will not be prejudiced in any way by an order vacating the dismissal and permitting AeroGlobal until March 21, 2003 to file a response to the motion to dismiss and/or transfer. In such circumstances their motion to dismiss will be decided on its merits, and the only effect on them, if their motion is unsuccessful, will be to deprive them of a windfall dismissal. Counsel's misunderstanding regarding the practical effect of placing a case "in suspense" and marking a case as "closed for statistical purposes" was not willful or culpable in any way, nor was it the result of any culpable negligence. In fact, the language of the February 28 order placing the case in suspense plainly intimates that no proceedings will be had in the case while it remains on the suspense docket. The failure of AeroGlobal to file a response to the motion to dismiss while the case was still "in suspense" was the result of nothing more than an excusable and honest mistake on behalf of counsel for AeroGlobal, who believed, along with counsel for defendants, that the motion to dismiss and/or transfer was not technically before the Court because the case had been placed on the Court's Civil Suspense Docket. Moreover, and as noted in counsel's November 19, 2002 correspondence to the Court that contained the initial request that the case be placed in suspense, AeroGlobal has a meritorious defense to the motion to dismiss. Defendant First Islamic is subject to personal jurisdiction under Fed. R. Civ. P. 4(k), as are by implication its agents, defendants Crescent Capital Investments, Inc, Cirrus Holding Company Limited, and John N. Dyslin. Defendant Cirrus Industries, Inc. and its former

officers, defendants Alan Klapmeier, Dale Klapmeier and Peter McDermott, are subject to nationwide service of process under Section 27 of the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa, and certain of the transactions and occurrences underlying the pendent state law claims occurred in the Eastern District of Pennsylvania, subjecting the remaining defendants to personal jurisdiction in Pennsylvania.[9]

Even if one were to view AeroGlobal's mistake in the least charitable manner possible, its failure to file a response to the motion to dismiss and/or transfer the action could, at the very worst, possibly be characterized as "excusable neglect."  A "determination of excusable neglect is, at bottom, an equitable one," and the Court must therefore "take account of all relevant circumstances" surrounding the act or omission at issue.  Brokerage Concepts, Inc., 2000 WL 283849, at * 2.  The relevant circumstances include (1) the danger of prejudice to the non-movant; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in bad faith.  Id.  As noted above, the defendants would suffer no prejudice whatsoever as a result of having their motion to dismiss decided on its merits, and the length of the delay that was caused by counsel's honest mistake is only a matter of weeks.  No adverse impact on judicial proceedings would result, and AeroGlobal has acted in good faith throughout.

On a more general level, punishing AeroGlobal by dismissing the case simply because of an honest, albeit mistaken, belief shared by all parties that no proceedings occur in a case that

---

[9] AeroGlobal will, of course, elaborate on these bases for jurisdiction in its response to the defendants' motion to dismiss.  It is, moreover, notable that defendant William J. Midon did not move to dismiss the case for lack of personal jurisdiction.

-9-

has been placed on the suspense docket until after the case has been restored to "active" status, is patently unfair and serves no legitimate judicial purpose. There is a strong policy in the Third Circuit disfavoring results based on default and favoring results on the merits of a party's arguments. See Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983). Under the present circumstances, equity dictates that AeroGlobal be granted a reasonable period of time to March 21, 2003 to respond to the motion to dismiss and/or transfer the action,[10] and that the Court vacate the March 3, 2003 order of dismissal and decide the motion to dismiss and/or transfer on its merits.

## CONCLUSION

This case, including the defendants' motion, should be resolved on its merits, and not on the basis of excusable mistake, inadvertence and technical misunderstanding concerning the significance of "suspense." Accordingly, the Court should grant AeroGlobal's motion, vacate its order entered February 28, 2002, and grant AeroGlobal additional time through March 21, 2003 to respond to defendants' motion to dismiss and/or transfer the action.

Respectfully submitted,

SPECTOR GADON & ROSEN, P.C.

_____
Paul R. Rosen
Timothy C. Russell
Michael C. Wagner

---

[10] Federal Rule of Civil Procedure 6(b)(2) permits this Court to extend the time for responding to motions "after the expiration of the specified period of time where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2).

        1635 Market Street, 7th Floor
        Philadelphia, PA  19103
        (215) 241-8888
        (215) 241-8844 (fax)

        Attorneys for Plaintiff
        AeroGlobal Capital Management, LLC.

Dated:  March 10, 2003

**CERTIFICATE OF SERVICE**

     I, Michael C. Wagner, hereby certify that I caused a true and correct of the foregoing Memorandum to be served upon the following counsel for defendants, by hand delivery, on this the 10th day of March, 2003, at the address indicated.

Francis P. Newell, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(Counsel for all defendants)

                                                                   _____
                                                                           Michael C. Wagner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC., a Delaware Limited Liability Company, : : : Plaintiff, : : v. : : CIRRUS INDUSTRIES, INC., : a Delaware Corporation, CIRRUS HOLDING : COMPANY LIMITED, a Cayman Islands Corporation, : CRESCENT CAPITAL INVESTMENTS, INC., : a Delaware Corporation, FIRST ISLAMIC : INVESTMENT BANK, E.C., a Bahrain Investment : Bank, ALAN KLAPMEIER, DALE KLAPMEIER, : PETER P. McDERMOTT, II, JOHN N. DYSLIN, : SIMA GRIFFITH, MARWAN ATALLA, : WILLIAM J. MIDON, and WILLIAM C. WOOD, : : Defendants. : _____ : | C.A. NO. 02-CV-5311<br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 200_, upon consideration of plaintiff's motion to (1) vacate the order entered on February 28, 2003, that granted defendants' motion to dismiss this action and (2) grant to plaintiff additional time through March 21, 2003 to file a response to defendants' motion to dismiss and/or transfer, and any response thereto, it is hereby ORDERED that the motion is GRANTED.

BY THE COURT:

_____
William H. Yohn, Jr., Judge

F:\27647\002\District Court Action\Pleadings\VacateDismissandExtendTime.wpd