IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware corporation, FIRST ISLAMIC INVESTMENT BANK E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, MARWAN ATALLA, WILLIAM J. MIDON and WILLIAM C. WOOD, JR.,<br><br>Defendants. | C.A. No. 02CV5311<br><br>JURY TRIAL DEMANDED<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER** |

I.  **INTRODUCTION**

Defendants Cirrus Industries, Inc. ("Cirrus"), Cirrus Holding Company Limited ("CHCL"), Crescent Capital Investments, Inc. ("Crescent"), First Islamic Investment Bank E.C. ("FIIB"), Alan L. Klapmeier, Dale E. Klapmeier, Peter P. McDermott, II, John N. Dyslin, Marwan Atalla, William J. Midon, and William C. Wood, Jr. (collectively, "Defendants") submit this memorandum in opposition to Plaintiff AeroGlobal Capital Management, LLC's ("AeroGlobal") motion to vacate this Court's dismissal without prejudice of AeroGlobal's Complaint. AeroGlobal should not be excused from the consequences of its decision to ignore a properly noticed and supported motion to dismiss for lack of personal jurisdiction and venue. AeroGlobal's motion should be denied.

901965v1

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the Summer of 2001, AeroGlobal and Cirrus entered into a letter of intent for the sale of a minority interest in Cirrus stock to AeroGlobal. *See* Ex. A to Complaint. AeroGlobal failed to meet its obligations under the letter of intent, and Cirrus terminated the agreement and entered into an agreement with CHCL and Crescent for the sale of a controlling interest in Cirrus stock. In September 2001, AeroGlobal brought suit in the Delaware Superior Court against Cirrus, Crescent, and CHCL, as well as a variety of individual defendants who have been dismissed by the Delaware Court for lack of personal jurisdiction. The Delaware litigation is ongoing. AeroGlobal also brought suit against FIIB in the Delaware Superior Court, and FIIB's motion to dismiss for lack of personal jurisdiction remains pending in that separate case.

Notwithstanding the pendency of the Delaware suit, AeroGlobal filed a suit alleging virtually identical claims against the same defendants in this Court in July 2002. AeroGlobal also included as defendants Cirrus officers who were not parties to the Delaware litigation. AeroGlobal chose not to give notice of the lawsuit or to effect service on Defendants for almost four months, when it finally mailed copies of the Summons and Complaint to various Defendants in November 2002. *See* Pl.'s Mem. in Supp't of its Mot. to Vacate Order Dated December 10, 2002, at 2. This Court initially dismissed the suit as against all Defendants but FIIB and Crescent due to AeroGlobal's failure to provide prompt notice of service to the Court. *See* Order (Dec. 10, 2002) at 1. Without objection from all Defendants but Sima Griffith, who had not been timely served, AeroGlobal's suit was reinstated. *See* Order (Jan. 16, 2003) at 1. This Court declined AeroGlobal's motion for an expansion of time to complete service on Ms. Griffith, *id.*, and Ms. Griffith remained dismissed from the suit.

After delaying service to the last possible second, AeroGlobal again sought to delay this case by seeking to have the matter placed on the Suspense Docket. *See* Letter from Timothy

Russell (Dec. 27, 2002) at 1, Ex. C to Pl.'s Mot. to Vacate Order Dated December 10, 2002. AeroGlobal did not raise this request in a formal motion, but rather in a letter to the Court. *See id.* For reasons already provided to the Court, Defendants did not respond to the letter, and the Court granted AeroGlobal's request. *See* Order (Feb. 4, 2003).

Because this suit has no connection to the Commonwealth of Pennsylvania or this District, because the Court lacks personal jurisdiction over ten defendants, and because no basis for venue exists in this Court, Defendants moved to dismiss or, in the alternative, to transfer this suit to a more proper venue. *See* Defs.' Mem. in Supp't of Mot. to Dismiss or in the Alternative to Transfer Venue at 1. AeroGlobal chose not to respond to this motion. Defendants also formally moved to have this case removed from the Suspense Docket, *see* Defs.' Mot. to Remove Case From Suspense Docket, a motion to which AeroGlobal did choose to respond. *See* Pl.'s Opp'n to Defs.' Motion to Remove Case From Suspense Docket at 1. At no time did counsel for Defendants ever tell counsel for AeroGlobal that a timely response to the motion to dismiss was unnecessary, Defendants never stipulated to an extension of time for AeroGlobal to respond to the motion to dismiss, and AeroGlobal never asked the Court for an extension of time in which to respond. *See, e.g.*, Pl.'s Mem. in Supp't of its Mot. to Vacate Order Entered Feb. 28, 2003, at 3. This Court granted both of Defendants' motions, and AeroGlobal's Complaint was dismissed without prejudice. *See* Order (Mar. 3, 2003) at 1); Order (Feb. 28, 2003) at 2.

### III.   ARGUMENT

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect." The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding [the] party's omission." *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances which inform

3

901965v1

this analysis include the prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; and the reason for the delay, including whether it was within the reasonable control of the Rule 60(b)(1) movant and whether the movant acted in good faith. *Id.* "'Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances.'" *Jedrejcic v. Croation Olympic Committee,* 190 F.R.D. 60, 76 (E.D.N.Y. 1999) (quoting *Mendell In Behalf of Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990)). "'[A] Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion.'" *Charowsky v. Kurtz,* 2001 WL 187337, at *4 (E.D. Pa. Feb. 23, 2001) (quoting *Smith v. Evans.,* 853 F.2d 155, 158-59 (3d Cir. 1988)).

### A. AeroGlobal's refusal to follow an unambiguous Standing Order was not reasonable

The focus of AeroGlobal's motion to reopen is that AeroGlobal's counsel did not understand that it had an obligation to respond to a motion to dismiss raised when the case was placed on the Suspense Docket. *See* Pl.'s Mem. in Supp't of its Mot. to Vacate Order Dated December 10, 2002, at 5 (claiming failure to respond was "due to an inadvertent procedural mistake or misunderstanding" that "no proceedings whatsoever will occur in an action while the case is 'in suspense'"). The Standing Order is unambiguous, and the plain language of the Standing Order shows that AeroGlobal's alleged mistake was not reasonable.

The Standing Order with respect to the Civil Suspense Docket, adopted June 24, 1975, has been incorporated by reference into the Eastern District of Pennsylvania's Local Rules. *See* L.R. 1.1.1 (c). The Standing Order permits cases to be placed on a special docket for statistical purposes where "for reasons beyond the court's control [they] are unable to proceed to trial without delay." Standing Order, Civil Suspense Docket, adopted June 24, 1975, at ¶ 1. The

status of a case on the Suspense Docket does not relieve a party from responding to motions. The Standing Order expressly anticipates that motion practice may occur while a case is placed on this special docket, and does not change the deadlines opposing parties must meet to respond to or oppose such motions:

> The transfer to the Civil Suspense Docket and the removal of the action as an open case for statistical purposes shall not constitute or be considered a dismissal or disposition of the matter; jurisdiction is retained and should further proceedings in the action become necessary or desirable, ***any party may initiate it in the same manner as if the Order of Transfer had not been entered***.

*Id.* at ¶ 1.e (emphasis added).

Rather than reviewing the actual language of the Standing Order, AeroGlobal relies on an internet dictionary definition of the phrase "suspense" to convince this Court that its interpretation was reasonable. *See* Pl.'s Mem. in Supp't of its Mot. to Vacate Order Entered Feb. 28, 2003, at 5, n.8. Notwithstanding Webster's generic definition of the word "suspend," the plain language of the Order is controlling.

### B. AeroGlobal's legal error does not constitute excusable neglect

AeroGlobal repeatedly asked this Court to place this matter on the Suspense Docket, and it expressly cited and relied upon the Standing Order in asking this Court to keep this case on the Suspense Docket. *See* Pl.'s Opp'n to Defs.' Motion to Remove Case From Suspense Docket at 3. AeroGlobal nevertheless asserts that its failure to read or understand the Standing Order should relieve it from its obligation to timely respond to motions, including Defendants' motion challenging the Court's ongoing exercise of personal jurisdiction over Defendants. But the law is clear that "***the carelessness of an attorney is not a ground for relief*** under Rule 60(b)(1)." *Charowsky v. Kurtz*, 2001 WL 187337, at *7 (E.D. Pa. Feb. 23, 2001) (emphasis added) (citing *DeFeo v. Allstate Ins. Co.*, 1998 WL 328195, at *4 (E.D. Pa. June 19, 1998)); *see also Torockio*

5

901965v1

*v. Chamberlain Mfg. Co.*, 56 F.R.D. 82, 87 (W.D. Pa. 1972) ("relief is not available to the plaintiffs under Rule 60(b)(1) for their attorney's mistake of law"). While excusable neglect "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant," *Pioneer Investment*, 507 U.S. at 392, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Id.* Instead, where "counsel has not presented a persuasive justification for his misconstruction of nonambiguous rules," there is "no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect." *Speiser, Drause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (quotations omitted).

While a mistake of *fact* may excuse an attorney's failure to meet a deadline, *see Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000), "'[the] failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect.'" *Id.* (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997); *see also Jedrejcic*, 190 F.R.D. at 82 ("Plaintiff's failure to understand the law cannot serve as grounds for reopening." (quotations omitted); *id.* at n.32 ("relief under Rule 60(b)(1) is not available based upon an attorney's ignorance of the law") (citing cases). AeroGlobal did not commit a math error in miscalculating the due date for a response to the motion to dismiss. It did not mail the response to the wrong courthouse. AeroGlobal's counsel did not hand the response to a secretary who forgot to mail it. Instead, AeroGlobal made a clear, strategic decision not to respond to Defendants' motion to dismiss, perhaps in the mistaken belief that it could delay a decision on the motion indefinitely, or that it could bolster its effort to defeat Defendants' motion to remove the case from the Suspense Docket. But as the *Jedrejcic* court explained,

> Rule 60(b) does not afford relief for deliberate tactical decisions of a party. Mere dissatisfaction in hindsight with choices deliberately

> made does not constitute grounds for relief under rule 60(b). Rule 60(b) should not be employed simply to relieve a party from a voluntary, deliberate choice that later turns out to be unfortunate as to rule otherwise would empty the finality of judgments rule of meaning.

190 F.R.D. at 80 (quotations and citations omitted). AeroGlobal was fully aware that Defendants had moved to dismiss. AeroGlobal asked that Defendants agree AeroGlobal need not respond to the motion. Defendants did not agree, yet AeroGlobal unreasonably failed to respond to the motion.

AeroGlobal contends that Defendants' motion to remove the case from the Suspense Docket demonstrates a mutual misunderstanding that should excuse AeroGlobal from responding to the motion to dismiss. *See* Pl.'s Mem. in Supp't of its Mot. to Vacate Order Entered Feb. 28, 2003, at 5. In essence, AeroGlobal argues that the Court should not expect AeroGlobal to read the Standing Order, which it cited to the Court, and understand the implications of the Suspense Docket status, although AeroGlobal was the party asking that the case be placed on the Suspense Docket, because Defendants did not want the case to remain on the Suspense Docket. The fact that Defendants sought to have this case removed from the Suspense Docket does not show that AeroGlobal's mistake was inadvertent or reasonable.

        **C.**    **AeroGlobal's false analogy to default judgments should be rejected**

AeroGlobal relies, improperly, on a false analogy between this Court's dismissal without prejudice of AeroGlobal's Complaint to cases dealing with a default judgment. This analogy fails for many reasons. First, Federal Rule of Civil Procedure 55 is an express procedural mechanism dealing with a specific avenue of affirmative relief, and it should not be exported outside of those specific circumstances. Defendants did not move for a default judgment against AeroGlobal, and they did not receive a judgment entitling them to affirmative relief of damages or an equitable order in their favor. Defendants instead obtained an order dismissing the case for

lack of venue and personal jurisdiction. Second, a default judgment is entered based solely on a party's failure to respond; thus, "courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits." *Choice Hotels Int'l, Inc., v. Pennave Assocs, Inc.*, 192 F.R.D. 171, 173 (E.D. Pa. 2000). This Court's grant of Defendants' motion to dismiss expressly was on the merits of the Defendants' moving papers, and not based solely on AeroGlobal's decision not to respond. *See* Order (Feb. 28, 2003) at 2. Third, a default judgment is a binding final order that is ***with prejudice***. This Court's Order dismissed AeroGlobal's suit ***without prejudice***. AeroGlobal cannot complain that it is unfairly prejudiced when it can gain complete relief by filing its suit in a proper jurisdiction. Finally, even if AeroGlobal's strained analogy is accepted, in a default context parties are not relieved of the effects of a strategic decision to ignore a motion. *See Wells v.* Rockefeller, 728 F.2d 209, 213 (3d Cir. 1984) (affirming District Court's grant of summary judgment because of "counsel's considered decision to allow the entry of the default judgment."). Because AeroGlobal "followed this tactic as a matter of strategy," it "must now live with its consequences." *Id.*[1]

### D. Defendants will be prejudiced if AeroGlobal is allowed to engage in its strategy of delay

Finally, AeroGlobal alleges, without analysis, that permitting it to indulge in needless delay will not prejudice Defendants. But this is flatly wrong. As the *Jedrejcic* court explained, "defendants have suffered considerable prejudice because they find themselves litigating two cases arising from the same underlying event. Moreover, reopening this action would make the decision to dismiss the 1997 action an empty exercise. Defendants would be forced to continue

---

[1] AeroGlobal asserts that Defendants have obtained a "windfall" dismissal because this Court granted the motion to dismiss without prejudice. *See* Pl.'s Mem. in Supp't of its Mot. to Vacate Order Entered Feb. 28, 2003, at 5, n.7. There is no windfall and no injustice in requiring AeroGlobal to file its suit in a court of proper jurisdiction if AeroGlobal insists on again bringing a duplicative action against these Defendants.

litigating the same claim, suffering significant prejudice as their right to rely on a rendered decision is thus jeopardized." 190 F.R.D. at 79 (quotations and citations omitted). AeroGlobal filed this suit as a duplicative action, expressly as a safety net should the Delaware Superior Court enter rulings with which AeroGlobal disagrees. AeroGlobal raised identical claims against identical parties, forcing these Defendants to defend themselves against the same claims by the same plaintiff simultaneously in two fora. AeroGlobal then chose not to prosecute its duplicative action, delaying service for almost four months, and then asking that the case be placed on the Suspense Docket, purportedly in the hope that the case would be on semi-permanent "hold" with no proceedings allowed. AeroGlobal once again seeks to cause needless delay and impose unnecessary burdens on the Defendants, all of which constitutes prejudice. If AeroGlobal is serious about pursuing its claims, it should do so in a proper jurisdiction, and it should be expected to litigate the case expeditiously and without causing Defendants to endure needless delay and expense.

AeroGlobal made a deliberate decision to ignore a properly noticed, filed, and served motion to dismiss for lack of personal jurisdiction and improper venue. Although AeroGlobal had the burden of showing that this Court may exercise personal jurisdiction, *see IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998) ("the plaintiff bears the burden of proving that personal jurisdiction is proper"), it chose to do nothing, apparently in the hope that its refusal to respond would allow this matter to languish. This Court, without objection from the Defendants, already relieved AeroGlobal once from the consequences of its dilatory habits. *See* Order (Jan. 16, 2003) at 1. As the *DeFeo* Court noted, "[a]n indulgent court may choose to provide repeated warnings, but a delinquent party is not entitled to them." *DeFeo*, 1998 WL

9

328195, at *4. AeroGlobal is entitled to no more second chances, and its motion should be denied.

## IV. CONCLUSION

This Court should deny AeroGlobal's motion to vacate this Court's Order dismissing this suit without prejudice.

Dated March 24, 2003                            Respectfully submitted,

_____
Francis P. Newell
Peter Breslauer
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Ph: (215) 772-7310
Fx: (215) 772-7620

Counsel for All Defendants

Of Counsel:

Dorsey & Whitney LLP
Peter W. Carter
Christopher T. Shaheen
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600

Counsel for Defendants Cirrus Industries, Inc.,
Alan Klapmeier, Dale Klapmeier, and Peter McDermott

King & Spalding LLP
Michael R. Smith
John P. Brumbaugh
Michael A. Sexton
191 Peachtree Street, NE
Atlanta, Georgia 30303-1763
(404) 572-4600

Counsel for Defendants First Islamic Investment Bank E.C.,
Crescent Capital Investments, Inc., Cirrus Holding Company Limited,
and John Dyslin

901965v1

Berkowitz, Lefkovits, Isom
  & Kushner
A Professional Corporation
J. Forrest Hinton
SouthTrust Tower
420 20th Street North, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480

Counsel for Defendants Marwan Atalla,
William J. Midon, and William C. Wood, Jr.