IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware corporation, FIRST ISLAMIC INVESTMENT BANK E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, MARWAN ATALLA, WILLIAM J. MIDON and WILLIAM C. WOOD, JR.,<br><br>Defendants. | C.A. No. 02CV5311<br><br>JURY TRIAL DEMANDED<br><br>**ORDER** |

This matter is before the Court upon the above-named Defendants' Motion to Strike Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss. Based upon the file, arguments, and submissions of the parties, Defendants' Motion is hereby GRANTED. Plaintiff AeroGlobal Capital Management, LLC's Memorandum in Opposition to Defendants' Motion to Dismiss, served March 21, 2003, is hereby stricken from the docket.

Dated:_____

_____
The Honorable William H. Yohn, Jr.
United States District Judge

903415v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware corporation, FIRST ISLAMIC INVESTMENT BANK E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, MARWAN ATALLA, WILLIAM J. MIDON and WILLIAM C. WOOD, JR.,<br><br>Defendants. | C.A. No. 02CV5311<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

All defendants move to strike Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss. In support of their motion, defendants rely upon their accompanying Memorandum in Support of Defendants' Motion to Strike Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, which is incorporated herein.

Respectfully submitted,

Francis P. Newell
Peter Breslauer
Montgomery, McCracken, Walker &
Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Ph: (215) 772-7310
Fx: (215) 772-7620

Counsel for All Defendants

903415v1

Of Counsel:

Dorsey & Whitney LLP
Peter W. Carter
Christopher T. Shaheen
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600

Counsel for Defendants Cirrus Industries, Inc.,
Alan Klapmeier, Dale Klapmeier, and Peter McDermott

King & Spalding LLP
Michael R. Smith
John P. Brumbaugh
Michael A. Sexton
191 Peachtree Street, NE
Atlanta, Georgia 30303-1763
(404) 572-4600

Counsel for Defendants
First Islamic Investment Bank E.C.,
Crescent Capital Investments, Inc.,
Cirrus Holding Company Limited,
and John Dyslin

Berkowitz, Lefkovits, Isom
 & Kushner
A Professional Corporation
J. Forrest Hinton
SouthTrust Tower
420 20th Street North, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480

Counsel for Defendants Marwan Atalla,
William J. Midon, and William C. Wood, Jr.

2

903415v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware corporation, FIRST ISLAMIC INVESTMENT BANK E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, MARWAN ATALLA, WILLIAM J. MIDON and WILLIAM C. WOOD, JR.,<br><br>Defendants. | C.A. No. 02CV5311<br><br>JURY TRIAL DEMANDED<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

## **INTRODUCTION**

The Court dismissed this case on February 27, 2003. Pursuant to Rule 60(b), AeroGlobal Capital Management, LLC ("AeroGlobal") filed a motion to vacate the dismissal order. Although that motion is pending before the Court, AeroGlobal has felt it appropriate to file Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("AeroGlobal's Memorandum"). In so doing, AeroGlobal ignores this Court's dismissal of the case and presumes that the Court will grant its motion to vacate. AeroGlobal's Memorandum is untimely and not appropriately before the Court. This Court should strike AeroGlobal's Memorandum from the docket.

903415v1

## PROCEDURAL FACTS

This motion to strike is based on the procedural posture of this case. On February 4, 2003, defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue. On February 28, 2003, this Court granted the Motion to Dismiss and entered an order dismissing the Complaint without prejudice for lack of personal jurisdiction and improper venue. (Feb. 28, 2003 Order of Yohn, J. at 2). On March 10, 2003, AeroGlobal filed a Rule 60(b) motion to vacate the dismissal. Eleven days later, although the case was already dismissed and the Court had not yet ruled on the Rule 60(b) motion, AeroGlobal filed its Memorandum in Opposition to Defendants' Motion to Dismiss. AeroGlobal's Memorandum was filed on March 21, 2003, 45 days after the defendants' motion to dismiss was filed, and 22 days after this Court granted the motion and dismissed the case.

## ARGUMENT

AeroGlobal's Memorandum is an improper submission and should be stricken from the docket. It is both too late and too early. AeroGlobal's response to the motion to dismiss was due February 18, 2003—fourteen days after the motion was served. *See* E.D. Pa. R. Civ. P. 7.1(c). AeroGlobal's Memorandum was clearly late and it was appropriate for the Court to rule on the motion to dismiss as it did on February 27, 2003. "In the absence of timely response, the motion may be granted as uncontested . . . ." *Id.*; *see also McNeal v. Maritank Philadelphia, Inc.*, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999) (applying Rule 7.1(c) and granting motion to amend in absence of response from other party). In support of its motion to vacate, AeroGlobal has argued that it assumed that because the case was on the suspense docket, it did not have to respond. The suspense docket, however, does not alleviate a party's obligation to respond to a motion. *See* Standing Order, Civil Suspense Docket, adopted June 24, 1975, at ¶ 1.e. The Court order

2

903415v1

removing the case from the suspense docket was entered March 4, 2003—even if AeroGlobal waited for removal of the case from the suspense docket, its response was still untimely.

Most obviously, AeroGlobal's Memorandum is moot—the Court dismissed the case 22 days before AeroGlobal's Memorandum was filed. An order striking AeroGlobal's Memorandum is appropriate because the Memorandum was filed well after the Court had already granted the motion to dismiss. *See Williams & Humbert Ltd. v. W.&H. Trade Marks (Jersey) Ltd.*, 1988 WL 66213, at *1-2 (D.D.C. June 17, 1988) (granting motion to strike plaintiff's Rule 41 notice of dismissal which was filed a month after a decision adverse to the plaintiff).

AeroGlobal's Memorandum also is inappropriate because it is too early. AeroGlobal's motion to vacate is now pending before the Court. It truly has the cart before the horse when it files its Memorandum in opposition to the motion to dismiss before the Court has ruled on the motion to vacate the dismissal. AeroGlobal's Memorandum puts defendants in an awkward position with respect to how to reply to the substantive issues raised in a Memorandum which is moot. AeroGlobal's inappropriate filing, if left alone, also has the effect of cluttering the docket and confusing the true position of the case following the Court's dismissal. Both reasons are sufficient bases for striking AeroGlobal's Memorandum. *See Sierra Foods, Inc. v. Haddon House Food Prods., Inc.*, 1992 WL 245847, at *5-6 (E.D. Pa. Sept. 22, 1992) (striking defendant's motion to dismiss the complaint which was filed subsequent to entry of default judgment and prior to disposition of the motion to reconsider the default). Thus, due to the pendancy of the motion to vacate, AeroGlobal's Memorandum should be stricken from the docket as premature.

3

It is clear that AeroGlobal's Memorandum is not proper prior to the Court's disposition of the motion to vacate. AeroGlobal's Memorandum should be ignored and stricken from the docket in the event plaintiff seeks an appeal.

## CONCLUSION

Defendants respectfully request the Court to strike Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss from the docket.

Respectfully submitted,

Francis P. Newell
Peter Breslauer
Montgomery, McCracken, Walker &
Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Ph: (215) 772-7310
Fx: (215) 772-7620

Counsel for All Defendants

Of Counsel:

Dorsey & Whitney LLP
Peter W. Carter
Christopher T. Shaheen
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600

Counsel for Defendants Cirrus Industries, Inc.,
Alan Klapmeier, Dale Klapmeier, and Peter McDermott

4

903415v1

King & Spalding LLP
Michael R. Smith
John P. Brumbaugh
Michael A. Sexton
191 Peachtree Street, NE
Atlanta, Georgia 30303-1763
(404) 572-4600

Counsel for Defendants
First Islamic Investment Bank E.C.,
Crescent Capital Investments, Inc.,
Cirrus Holding Company Limited,
and John Dyslin

Berkowitz, Lefkovits, Isom
  & Kushner
A Professional Corporation
J. Forrest Hinton
SouthTrust Tower
420 20th Street North, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480

Counsel for Defendants Marwan Atalla,
William J. Midon, and William C. Wood, Jr.

5

903415v1

## CERTIFICATE OF SERVICE

I hereby certify that on this __27th__ day of March, 2003, I caused to be served Defendants' Motion to Strike Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss by U.S. First Class Mail, postage prepaid, upon the following:

>    Paul R. Rosen
>    Timothy C. Russell
>    Michael C. Wagner
>    Spector Gadon & Rosen, P.C.
>    Seven Penn Center
>    1635 Market Street
>    7th Floor
>    Philadelphia, PA 19103

903415v1