IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROGLOBAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>CIRRUS INDUSTRIES, INC., a Delaware corporation, CIRRUS HOLDING COMPANY LIMITED, a Cayman Islands corporation, CRESCENT CAPITAL INVESTMENTS, INC., a Delaware corporation, FIRST ISLAMIC INVESTMENT BANK E.C., a Bahrain Investment Bank, ALAN L. KLAPMEIER, DALE E. KLAPMEIER, PETER P. McDERMOTT, II, JOHN N. DYSLIN, MARWAN ATALLA, WILLIAM J. MIDON and WILLIAM C. WOOD, JR.,<br><br>        Defendants. | C.A. No. 02CV5311<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE** |

## I. INTRODUCTION

This suit and these Defendants have no connection to Pennsylvania. Neither the Defendants, nor the Plaintiff, nor the Plaintiff's principals reside in Pennsylvania. The alleged cause of action did not arise in Pennsylvania. No acts, much less substantial acts, occurred in Pennsylvania. No acts were aimed at or effected in Pennsylvania. The tenuous link to Pennsylvania, upon which Plaintiff AeroGlobal Capital Management LLC ("AeroGlobal") bases its argument, is that AeroGlobal retained a Pennsylvania law firm; AeroGlobal's choice of counsel, however, does not create personal jurisdiction over Defendants and does not make the Eastern District of Pennsylvania either a proper venue or a convenient forum. This suit should be dismissed for lack of venue and personal jurisdiction. In the alternative, the Court should transfer this suit to the District of Minnesota.

909571v1

## II. ARGUMENT

### A. This Court May Not Exercise Personal Jurisdiction Over Ten Of These Defendants

As Plaintiff, AeroGlobal "bears the burden of proving that personal jurisdiction is proper." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998). AeroGlobal has failed in its burden as to ten of these Defendants.[1]

#### 1. The Presence of AeroGlobal's Lawyers in Pennsylvania Does Not Create "Minimum Contacts" Permitting the Exercise of Personal Jurisdiction

Under the Fourteenth Amendment, courts may not exercise personal jurisdiction over Defendants unless there exists sufficient minimum contacts with the forum state "such that maintenance of the suit doe not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293 (1980). The nature and quality of the defendant's contacts with the forum must be such that the defendant can reasonably expect to be haled into court there. *Id.* AeroGlobal fails to point to any contacts that the moving Defendants have had with Pennsylvania.

Instead, AeroGlobal attempts to rely upon contact between its counsel and some lawyers for certain Defendants. AeroGlobal points to two factors: (1) the presence of lawyers at two depositions held at AeroGlobal's counsel's offices and (2) correspondence between transactional attorneys at Dorsey & Whitney LLP and Spector, Gadon & Rosen, P.C. These tenuous contacts would not create jurisdiction over Defendants' lawyers, and they certainly do not create personal jurisdiction over the represented party.

AeroGlobal cites no authority for its argument that communication between counsel creates personal jurisdiction over the represented party, and its argument flies in the face of

---

[1] As noted in Defendants' opening brief, Mr. William Midon, Jr. does not contest personal jurisdiction, although he does challenge venue.

controlling authority. In *World-Wide Volkswagen*, the defendants had "tak[en] depositions on the merits of the case in Oklahoma." 444 U.S. at 295 n.10. The trial court and the Oklahoma Supreme Court rejected the argument that this constituted a waiver of a personal jurisdiction defense, *see id.*, and the U.S. Supreme Court concluded that defendants "have no 'contacts, ties, or relations' with the State of Oklahoma." *Id.* at 312; *see also Harvey v. Price*, 603 F. Supp. 1205, 1210 (S.D. Ill. 1985) (no personal jurisdiction where Defendant's "only contact with Illinois in this matter was his telephone call to the Plaintiff's attorney").

Even where *attorneys* are the subject of a suit, their mere presence in a state while appearing for a client at a deposition does not create personal jurisdiction. *See, e.g., Wallace v. Herron*, 778 F.2d 391, 393-94 (7th Cir. 1985); *Bagsby v. Gehres*, 195 F. Supp.2d 957, 963 (E.D. Mich. 2002); *cf. Twine v. Levy*, 746 F. Supp. 1202, 1205 (E.D.N.Y. 1990). The fact that AeroGlobal retained Pennsylvania counsel does not and cannot create personal jurisdiction over the Defendants.[2]

### 2. Under the Fifth Amendment Due Process Clause, This Court May Not Exercise Personal Jurisdiction Over the Exchange Act Defendants

In this action, AeroGlobal asserts federal securities fraud claims against only four of the Defendants: Cirrus, Mr. McDermott, and the Klapmeier brothers (the "Exchange Act Defendants"). The other seven Defendants will be referred to herein as the "Non-Securities Defendants." Although the Securities Exchange Act of 1934 (the "Exchange Act") provides for nationwide service of process, personal jurisdiction for these claims must comport with the Due Process Clause of the Fifth Amendment. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 370

---

[2] Because Defendants CHCL and Crescent are themselves not subject to personal jurisdiction in this District, AeroGlobal's "agency" arguments, which appear to be unsupported efforts to pierce the corporate veil of Defendant FIIB, are irrelevant.

(3d Cir. 2002). Contrary to Plaintiff's contentions, "[a] defendant's 'minimum contacts' with the United States do not, however, automatically satisfy the due process requirements of the Fifth Amendment." *Republic of Panama v. BCCI* Holdings, 119 F.3d 935, 947 (11th Cir. 1997).

In *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003), the Third Circuit recently explained that where personal jurisdiction is controlled by the Fifth Amendment, a plaintiff must show both that the defendant has sufficient minimum contacts with the forum and *also* must show that exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Id.* at 451 (quotations omitted). Although fully briefed in Defendants' Memorandum in Support of Motion to Dismiss, some of the factors that may be considered in this fair play and substantial justice analysis include: (1) the Defendants' contacts with the forum state; (2) the inconvenience caused by defending a suit in a distant jurisdiction; and (3) the likely situs of discovery. *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000).

First, as stated herein and in Defendants' Memorandum in Support of Motion to Dismiss, only one of the Defendants, Mr. Midon, has had any significant contact with Pennsylvania, and AeroGlobal has not alleged any acts or omissions by Mr. Midon which took place in Pennsylvania. Second, it is wholly inconvenient to force eleven out-of-state Defendants to travel to Pennsylvania to litigate in this forum. The only reason for AeroGlobal's selection of this forum is that this is the location of AeroGlobal's counsel. No act, much less any substantial act, took place in this forum.

Finally, most of the relevant documents are located in either Rhode Island or Minnesota. The relevant witnesses are in Minnesota, Rhode Island, and other states – but none of the parties or their principals is in Pennsylvania. As fully briefed in Defendants' Memorandum in Support

of Motion to Dismiss, an analysis of these "fairness" factors demonstrates that these factors weigh heavily against the assertion of jurisdiction over the moving Defendants.

AeroGlobal completely ignores the required Fifth Amendment analysis. Instead, it blithely asserts, without analysis, that this Court has personal jurisdiction over the Exchange Act Defendants because they have minimum contacts with the United States. *See* AeroGlobal Br. at 7. AeroGlobal does not come close to meeting its burden because it does not even engage in any fair play and substantial justice analysis. A review of the uncontroverted facts indicates that none of the Exchange Act Defendants has any connection with Pennsylvania. None resides in Pennsylvania, nor do any conduct business in Pennsylvania. Under the Fifth Amendment, this Court does not have personal jurisdiction over the Exchange Act Defendants.

### 3. Under the Fourteenth Amendment, This Court May Not Exercise Personal Jurisdiction Over the Remaining Defendants

If the Court concludes that it has personal jurisdiction over the Exchange Act Defendants, it may have the discretion to exercise supplemental jurisdiction over state-law claims raised against the same Defendants. *See, e.g., DeFelice v. Daspin*, 2002 WL 1373759, at *4 note 12 (E.D. Pa. June 25, 2002); *but see* 4B Wright & Miller, Federal Practice and Procedure § 1125 at 256 ("[t]his result seems to violate the defendant's Fourteenth Amendment due process rights, embodied in the Supreme Court's in personam jurisdiction precedents"). Supplemental jurisdiction over the Exchange Act Defendants (even if it did exist and were exercised), however, should not create personal jurisdiction over the Non-Securities Defendants. The two cases primarily relied upon by AeroGlobal in its meritless attempt to extend jurisdiction under the rubric of pendent personal jurisdiction, *Robinson v. Penn Cent. Co.*, 484 F.2d 553 (3d Cir. 1973), and *IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049 (2d Cir. 1993), are distinguishable.

*Robinson* and *IUE* involved the exercise of supplemental jurisdiction over the *same* defendants sued both for federal claims and state claims. *See Robinson*, 484 F.2d at 554; *IUE*, 9 F.3d at 1053. In this circumstance, the defendants already are properly before the court and subject to personal jurisdiction over some claims. It is not the creation of personal jurisdiction out of whole cloth against a defendant who otherwise could not be sued in this forum, as AeroGlobal here attempts.[3]

Pendent party defendants only can be haled into court if they are *themselves* subject to personal jurisdiction, as determined under the Fourteenth Amendment and the forum state's long-arm statute. *See Gill v. Three Dimension Sys., Inc.*, 87 F.Supp.2d 1278, 1284 (M.D. Fl. 2000) ("the plaintiff in this case must plead sufficient facts to establish a basis for personal jurisdiction over McGrogan and K. Freyvogel independent of the Act's nationwide service of process provisions"); *see also Morley v. Cohen*, 610 F. Supp. 798, 823 (D. Md. 1985). No substantial acts occurred in this forum, and AeroGlobal should not be allowed to "piggy-back" into this forum Defendants who have no minimum contacts with Pennsylvania.

### 4. "Conspiracy" Jurisdiction Cannot Exist Where No Substantial Act Allegedly Occurred in Pennsylvania

Under conspiracy jurisdiction, the acts of one member of the conspiracy, in furtherance of the conspiracy, committed within a forum state can give rise to specific jurisdiction over all members of the conspiracy, even if they personally did not commit the act or were personally within the jurisdiction. *See Santana Prods., Inc. v. Bobrick Washroom Equip.*, 14 F. Supp. 2d

---

[3] Even in the very different situation presented by *IUE*, the Court of Appeals for the Second Circuit emphasized that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its jurisdiction lies in consideration of judicial economy, convenience and fairness to litigants." *IUE*, 9 F.3d at 1054. Even if the doctrine of pendent personal jurisdiction could be dramatically expanded to bring in defendants not themselves the subject of a federal claim, this forum is wholly inconvenient. It is patently unfair to force these non-resident Defendants to litigate in this forum. The interests of judicial economy would be better served by this matter being litigated, if at all, in Minnesota.

710, 718 (M.D. Pa. 1998). However, "[t]he assertion of personal jurisdiction over a non-forum defendant based upon the actions of a co-conspirator within the forum still requires the contacts-with-the-forum analysis." *Id.* (quotations omitted). "Under Pennsylvania law, personal jurisdiction of a non-forum co-conspirator may be asserted only where a plaintiff demonstrates that substantial acts in furtherance of the conspiracy ***occurred in Pennsylvania*** and that the non-forum co-conspirator was aware or should have been aware of those acts." *Id.* (emphasis added) (citing cases). An alleged "membership in a civil conspiracy, standing alone, will not properly support an assertion of personal jurisdiction." *Id.*

AeroGlobal has failed to demonstrate any act by any Defendant, much less "substantial acts," in furtherance of an alleged conspiracy that occurred in Pennsylvania. *Id.* AeroGlobal's only allegation of conduct in Pennsylvania revolves around the conduct of its own counsel – counsel who insisted that two depositions take place in Pennsylvania, and counsel who exchanged drafts of documents with other counsel. The activities of counsel are not sufficient for this Court to exercise jurisdiction over Defendants. *See, e.g., Wallace*, 778 F.2d at 393-94; *Bagsby*, 195 F. Supp.2d at 963; *cf. Twine*, 746 F. Supp. at 1205. Further, despite AeroGlobal's distortion of the role its transactional lawyer played, Mr. Jaskiewicz's testimony sharply demonstrates the lack of merit in AeroGlobal's claims:

> Q Mr. Jaskiewicz, based on your interaction with Cirrus and its representatives, do you have any reason to believe that Cirrus did not use its best efforts to prepare and finalize the definitive agreements called for by the letter of intent?
>
> . . . .
>
> A. Everyone was working very hard on both sides to move this transaction forward.

909571v1

Transcript of Deposition of Stanley P. Jaskiewicz (Feb. 10, 2003) at 118 ("SJ:118").[4]

AeroGlobal fails to allege any conduct by any Defendant within Pennsylvania that could constitute a substantial act in furtherance of the alleged conspiracy. The alleged conspiracy consisted of inducement of breach and breach of the Cirrus and AeroGlobal LOI. *See* Complaint at ¶¶ 112-18. No discussions between Cirrus Industries and any other Defendant took place in Pennsylvania, or with any participant in Pennsylvania. No alleged breach of contract took place in Pennsylvania. Conspiracy jurisdiction does not exist in the state of Pennsylvania.

### B. Venue Is Improper In Pennsylvania

AeroGlobal fails to discuss meaningfully Defendants' venue argument, merely asserting that "substantial acts and omissions" occurred in the Eastern District of Pennsylvania. Presumably, AeroGlobal again refers to two depositions held in its counsel's offices at its request, and the fact that AeroGlobal's counsel had discussions with some Defendants' counsel. Again, AeroGlobal fails to cite any authority for the proposition that Plaintiff's choice of counsel creates a proper venue for non-resident Defendants who never conducted business in the forum state, never committed any acts in the forum state, never caused any harm in the forum state, and whose acts caused no effect in the forum state.

Venue under 28 U.S.C. § 1391(b)(2) is improper because this clearly is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) ("Events or omissions that might only have some tangential connection with the dispute in litigation are not

---

[4] AeroGlobal references pages 113 to 115 of Mr. Jaskiewicz's deposition in support of Defendants' alleged wrongdoing. This testimony states only that: AeroGlobal breached the LOI by failing to immediately fund the missing $3 million portion of the bridge loan; AeroGlobal asked Cirrus to defer this payment; and Cirrus declined to amend this portion of the LOI. *See* SJ.113-15. While this may demonstrate AeroGlobal's bad faith in bringing a frivolous suit, it does not establish any wrongdoing by Defendants in the Commonwealth of Pennsylvania.

-8-

enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district *having no real relationship to the dispute*.") (emphasis added).

Venue also is improper under 15 U.S.C. § 78aa because Pennsylvania is not a location "(1) where the Defendant may be found, (2) where the Defendant is an inhabitant, (3) where the Defendant transacts business, or (4) where an act or transaction constituting the violation occurred." *Miller v. Asensio*, 101 F. Supp. 2d 395, 404 (D.S.C. 2000). AeroGlobal has failed to demonstrate that any Defendant "has committed acts that are violative of [the Exchange Act] and in furtherance of the alleged illegal scheme" within Pennsylvania. *See Sovereign Bank, F.S.B. v. Rochester County Savings Bank*, 907 F. Supp. 123, 125 (E.D. Pa. 1995). Because no such act occurred in Pennsylvania, AeroGlobal has failed to bring forth a scintilla of evidence that "any one act of material importance" of any alleged unlawful scheme occurred in this forum. *See id.* Based on the foregoing, venue is improper and this suit should be dismissed.

### C.    Minnesota Is A More Convenient Venue

Should this Court choose not to dismiss this case for lack of personal jurisdiction or improper venue, this matter should be transferred to Minnesota. AeroGlobal confuses the convenience of counsel with the convenience of parties. *See* AeroGlobal Br. at 17. This suit involves Minnesota corporate and individual Defendants, as well as parties from a number of other states, but *not* Pennsylvania. It involves witnesses from Minnesota and other states, but *not* Pennsylvania. It involves the application of Delaware law to a business deal consummated in Minnesota and Rhode Island. It does not involve Pennsylvania.

The only reason that this suit was filed in Pennsylvania is because AeroGlobal happened to choose Pennsylvania counsel. If AeroGlobal had chosen counsel in Hawaii, that fact alone would not make Hawaii an appropriate forum. AeroGlobal's choice of Pennsylvania counsel

-9-
909571v1

does not present a compelling reason to force Minnesota Defendants to travel thousands of miles and to incur enormous costs in the litigation of a case far from home, in order to try a case where it simply does not belong. For the reasons stated herein and as fully set for in Defendants' Memorandum in Support of Motion to Dismiss, if this case is not dismissed, it should be transferred to an appropriate venue – Minnesota.

### III. CONCLUSION

This Court should dismiss this suit for lack of personal jurisdiction and lack of venue. In the alternative, this suit should be transferred to the District of Minnesota.

Dated April 14, 2003

Respectfully submitted,

Francis P. Newell
Peter Breslauer
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Ph: (215) 772-7310
Fx: (215) 772-7620

Counsel for All Defendants

Of Counsel:

Dorsey & Whitney LLP
Peter W. Carter
Christopher T. Shaheen
Andre Hanson
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600

Counsel for Defendants Cirrus Industries, Inc., Alan Klapmeier, Dale Klapmeier, and Peter McDermott

King & Spalding LLP
Michael R. Smith
John P. Brumbaugh
Michael A. Sexton
191 Peachtree Street, NE
Atlanta, Georgia 30303-1763
(404) 572-4600

Counsel for Defendants
First Islamic Investment Bank E.C.,
Crescent Capital Investments, Inc.,
Cirrus Holding Company Limited,
and John Dyslin

Berkowitz, Lefkowitz, Isom
 & Kushner
A Professional Corporation
J. Forrest Hinton
South Trust Tower
420 20th Street North, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480

Counsel for Defendants Marwan Atalla,
William J. Midon, and William C. Wood, Jr.

-11-

909571v1

## CERTIFICATE OF SERVICE

I hereby certify that on this __14th__ day of April, 2003, I caused to be served Defendants' Reply Memorandum in Support of Motion to Dismiss or in the Alternative to Transfer Venue by U.S. First Class Mail, postage prepaid, upon the following:

> Paul R. Rosen
> Timothy C. Russell
> Michael C. Wagner
> Spector Gadon & Rosen, P.C.
> Seven Penn Center
> 1635 Market Street
> 7th Floor
> Philadelphia, PA 19103

*[signature]*

909571v1